[No. AO21087. First Dist., Div. Five. Jan. 4, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
DARRYL DOMINGUEZ LEE, Defendant and Appellant.

COUNSEL

Andrew V. Alder and Haight & Lieberman for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Herbert F. Wilkinson, Ann K. Jensen and Clifford K. Thompson, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

LOW, P. J.— ■ A person guilty of second degree burglary may not be sentenced to an additional five years in prison because he suffered a prior robbery conviction. Second degree burglary is not a "burglary of a residence" and is not a "serious felony" as defined in Penal Code sections 667, subdivision (a) and 1192.7, subdivision (c).[1]

On November 30, 1981, defendant Darryl Dominguez Lee was convicted of robbery, in violation of section 211. He received a suspended sentence of five years and was placed on probation. On June 8, 1982, Proposition 8 was approved by the voters, adding section 667 and other matters.

Defendant was arrested on September 28, 1982, leaving Rosemarie Lemon's Rohnert Park house in possession of jewelry belonging to Lemon.

A preliminary hearing was held on the charges that defendant violated section 459, burglary, and was previously convicted of a serious felony,

[1] All section references are to the Penal Code.

robbery, pursuant to sections 667, subdivision (a) and 1192.7, subdivision (c). Defendant was held to answer.

In the superior court, the prosecution and the defendant agreed to submit the matter on the preliminary hearing transcript and on documentary evidence of the previous robbery conviction. The prosecutor and defense counsel also stipulated that defendant was charged with second degree burglary. (§ 460, subd. 2.) The court found defendant guilty of second degree burglary, and found true that defendant had been convicted of a serious felony, robbery, within the meaning of sections 667, subdivision (a) and 1192.7, subdivision (c). On December 14, 1982, defendant's probation on the robbery conviction was revoked and the five-year suspended sentence was ordered executed.

On January 14, 1983, defendant was sentenced to eight months in prison for the burglary (one-third of the middle term) to be served consecutive to the five years principal term for robbery, and five years consecutive for the conviction of a serious felony, a total of ten years and eight months.

We consider the issue of whether defendant's conviction of second degree burglary together with the previous conviction of robbery trigger the application of section 667. Section 667 reads in part: "(a) Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively . . . . [¶] (d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7." Thus, both the offense for which the defendant stands convicted and the previous offense must be "serious felonies" to trigger the statute.

Section 1192.7, subdivision (c) lists 25 "serious felonies," including robbery and "burglary of a residence." The Penal Code does not contain a crime designated "burglary of a residence" per se. Second degree burglary is defined as any kind of burglary which is not in the first degree. (§ 460, subd. 2.) First degree burglary is: "Every burglary of an inhabited dwelling house or trailer coach as defined by the Vehicle Code, or the inhabited portion of any other building . . . ." (§ 460, subd. 1.) Entry of a *residence* is not an element of second degree burglary.

In *In re Finley* (1968) 68 Cal.2d 389 [66 Cal.Rptr. 733, 438 P.2d 381], the court, in part, reviewed principles applicable to determining whether a

foreign conviction could be used to increase punishment under the then-existing habitual criminal statute. (Former § 644.) Chief Justice Traynor, writing for a unanimous court, upheld a line of cases in which the defendant "is allowed to call the attention of the . . . court to the law of the state where [the previous conviction] was suffered; and he is allowed thus to show that the minimum adjudicated elements of the foreign crime are not those of a California felony . . . . [Citations.]" (*Id.,* at p. 391.) The court further held: "Neither the People nor the defendant can go behind those adjudicated elements in an attempt to show that he committed a greater, lesser, or different offense. [Citations.]" (*Id.,* at p. 393.)

The reasoning of *Finley* was recently reaffirmed in *People* v. *Crowson* (1983) 33 Cal.3d 623 [190 Cal.Rptr. 165, 660 P.2d 389]. In *Crowson,* the court considered whether or not a federal conviction of conspiracy could be used to enhance a sentence (§ 667.5, subd. (f)), although commission of an overt act, an element of the California crime of conspiracy, is not an element of the federal crime. (*People* v. *Crowson, supra,* 33 Cal.3d at pp. 630-632.) Notwithstanding the fact that the defendant pled guilty to a federal indictment which alleged two overt acts, the court held that enhancement is permissible only when the elements of the foreign crime include all elements of the California offense. (*Id.,* at pp. 634-635.) The court reasoned: "In general, the doctrine of collateral estoppel regards as conclusively determined only those issues *actually* and *necessarily* litigated in the prior proceeding (citations) and the United States Supreme Court has noted that a guilty plea is simply an admission of 'all the elements of a formal criminal charge.' (*McCarthy* v. *United States* (1969) 394 U.S. 459, 466 [22 L.Ed.2d 418, 425, 89 S.Ct. 1166].) If proof of an overt act was not required to sustain a conviction under the federal statute, neither a guilty verdict after a jury trial nor a plea of guilty may accurately be viewed as establishing that such an act occurred, regardless of the allegations of the charging pleading. As the New York Court of Appeal explained in a related context: 'The application of [a statute increasing punishment on the basis of a prior foreign conviction] cannot be made to turn on the expansiveness of the prosecutor who prepared and drafted the indictment in the other State. One prosecutor may content himself with pleading only essential allegations, while another may choose to include immaterial and surplus recitals. . . .'" (*People* v. *Crowson, supra,* at p. 634.)

Second degree burglary does not have as an element entry of a residence; therefore, that issue was not necessarily litigated in proving defendant's guilt. The prosecutor may not go behind the unadjudicated element to show that defendant committed a greater offense. Section 667, subdivision (a), states that a foreign conviction may not be used to enhance unless it "in-

cludes all of the *elements* of any serious felony . . . ." (Italics added.) The same standard must apply to defendant's second degree burglary conviction.

That portion of the judgment imposing a consecutive sentence pursuant to section 667, subdivision (a) is deleted, and defendant shall serve five years and eight months. As modified, the judgment is affirmed.

King, J., and Haning, J., concurred.

A petition for a rehearing was denied January 30, 1984, and respondent's petition for a hearing by the Supreme Court was denied February 29, 1984.