[Crim. No. 23622. Jan. 28, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD BINION JACKSON, Defendant and Appellant.

COUNSEL

Charles M. Sevilla, under appointments by the Court of Appeal and the Supreme Court, Quin Denvir and Frank O. Bell, Jr., State Public Defenders, under appointment by the Court of Appeal, and Richard Lennon, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Jay M. Bloom, A. Wells Petersen and Frederick R. Millar, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

Christopher N. Heard and Terry L. White as Amici Curiae on behalf of Plaintiff and Respondent.

## Opinion

**BROUSSARD, J.**—Proposition 8, approved by the voters on June 8, 1982, enacted Penal Code section 667[1] to provide an additional five-year prison term for repeat offenders who commit serious felonies. Section 667, subdivision (a), provides that "[a]ny person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction. . . ." Subdivision (d) defines "serious felony" by reference to section 1192.7, subdivision (c); that section lists 25 items including "burglary of a residence." This appeal presents two primary issues: (1) under what circumstances can the court treat a second degree burglary—which may but need not necessarily involve entry into a "residence"—as a "serious felony" for purposes of the five-year enhancement, and (2) is the five-year enhancement of section 667 limited by section 1170.1, subdivision (g), which bars imprisonment for more than double the base term.

Defendant Jackson was charged with one count of burglary, in that on August 20, 1982, he "did unlawfully enter a building, a residence within the meaning of Penal Code section 667, with intent to commit theft." The complaint further alleged three prior serious felony convictions of second degree burglary, describing each as a "residential burglary."

Defendant entered into a plea bargain under which he pled guilty to burglary, admitted that the burglary involved a residence, and further admitted the truth of the third alleged prior residential burglary.[2] The prosecution

---

[1] All statutory references are to the Penal Code.

[2] Section 460 distinguishes between first and second degree burglary. From 1955 to 1976, it described first degree burglary as follows: "(1) Every burglary of an inhabited dwelling house, trailer coach as defined by the Vehicle Code, or building committed in the nighttime, and *every burglary, whether in the daytime or nighttime, committed by a person armed with a deadly weapon, or who while in the commission of such burglary arms himself with a deadly weapon, or who while in the commission of such burglary assaults any person,* is burglary of the first degree. [¶] (2) All other kinds of burglary are of the second degree. . . ." (Italics added.) The 1976 legislation eliminated the italicized phrase, leaving first degree burglary as the burglary of an inhabited dwelling house, trailer coach, or building committed in the nighttime. A 1978 amendment rewrote the section to define first degree burglary as "[e]very burglary of an inhabited dwelling house or trailer coach as defined by the Vehicle Code, or the inhabited portion of any other building committed in the nighttime.

agreed to drop the remaining two prior felony charges, and to argue for no more than the middle term of two years for second degree burglary.[3] As part of the bargain, the parties agreed that defendant would retain the right to challenge the validity of the five-year enhancement imposed by section 667, and if that enhancement were held invalid, he would then receive instead a one-year enhancement pursuant to section 667.5.[4] The court accordingly imposed a sentence of two years for the burglary conviction, with a five-year enhancement because of the prior conviction of a serious felony.

■ We first consider the question whether—and under what circumstances—a court can treat a conviction for second degree burglary as a "burglary of a residence," invoking the serious felony enhancement of section 667. Defendant maintains that insofar as burglary is concerned, the enhancement by its terms applies only to persons "convicted" of "burglary of a residence." He argues that there is no such specific crime—or, at any rate, that such a crime did not exist at the time of his present and prior offenses[5]—and consequently that the enhancement is inapplicable to his conviction.

Proposition 8, however, did not confine its list of "serious felonies" to specific, discrete offenses. Its list of serious felonies enumerated in section 1192.7 appears to be based largely upon section 12021.1, subdivision (b). That provision, enacted in April of 1982 to require a six-month county jail term as a condition of probation when a defendant previously convicted of a violent offense is found guilty of owning or possessing a concealable firearm, included a list of 26 "violent offenses." Section 1192.7 incorporated that list, deleted three paragraphs,[6] and added two new matters: sell-

---

. . ." Finally, the 1982 Legislature amended this section, effective January 1, 1983, to eliminate the requirement of a nighttime entry.

Defendant's offense occurred in 1982; the prior burglaries in 1978 and 1980. Under the law in effect on all these dates, a daytime entry into a residence would not be a first degree burglary. The record does not indicate whether any of defendant's burglaries occurred during the nighttime.

[3]Second degree burglary is punishable by imprisonment in the county jail not exceeding one year or by imprisonment in the state prison. (§ 461, subd. (2).) Under section 18, when a statute does not specify the term of confinement in state prison, the range of sentence is sixteen months, two years or three years.

[4]Section 667.5, subdivision (b), imposes a one-year enhancement for each prior separate prison term served for a nonviolent felony. The enhancement is three years for a prior violent felony. (§ 667.5, subd. (a).) Burglary is not classified as a violent felony under this section.

[5]Section 1170.95, effective January 1, 1983, set out a statutory definition of "residential burglary," defining that term to encompass all burglaries which could be prosecuted as first degree burglaries except misdemeanor daytime burglaries. Defendant suggests that this statute may have the effect of creating a specific crime of residential burglary as of its effective date.

[6]Section 1192.7 does not include the "violent offenses" of escape from state prison by use of force or violence (§ 12021.1, subd. (b)(23)), assault with a deadly weapon (*id.*, subd. (b)(24)), and any offense enumerated in section 12001.6 (*id.*, subd. (b)(26)).

ing, furnishing, administering or providing heroin, cocaine or PCP to a minor (¶ 24); and burglary of a residence (¶ 18).

The resulting list of serious felonies as set out in section 1192.7, and incorporated into section 667, is an amalgam of different elements. Two describe former felonies, now repealed.[7] Another refers generally to "any felony punishable by death or imprisonment . . . for life." (§ 1192.7, subd. (c)(7).) Two other paragraphs incorporate enhancements which may attach to any felony.[8] Finally, the two new paragraphs added to the list both describe criminal conduct which does not correspond precisely to the elements of any then-existing criminal offense.

In construing sections 667 and 1192.7, we must try to give effect to every phrase and paragraph, leaving no part of the statute useless or deprived of meaning. (See *People* v. *McCart* (1982) 32 Cal.3d 338, 342 [185 Cal.Rptr. 284, 649 P.2d 926]; *Gay Law Students Assn.* v. *Pacific Tel. & Tel. Co.* (1979) 24 Cal.3d 458, 478 [156 Cal.Rptr. 14, 595 P.2d 592], and cases there cited.) We therefore reject the view that these sections consist only of specific statutory offenses and enhancements, for that view ignores paragraphs (18) and (24) of section 1192.7, subdivision (c), and renders those paragraphs useless and of no effect.[9] We must assume that these paragraphs were added to the list apparently taken from section 12021.1, subdivision (b), for a purpose—and on reflection, that purpose appears clear. The list in section 12021.1, subdivision (b), was intended to enumerate "violent" crimes. Paragraphs (18) and (24) describe nonviolent criminal conduct which is, nevertheless, so dangerous that its repeated occurrence might in the minds of the voters call for enhanced punishment equivalent to that imposed upon violent recidivists. The inclusion of these items evidences the intent of the voters to deter the conduct described in these paragraphs equally with the violent criminal conduct described in other paragraphs. We give effect to this intent by construing paragraphs (18) and (24) as referring not to specific criminal offenses, but to the criminal conduct described therein, and applicable whenever the prosecution pleads and proves that conduct.

---

[7]Paragraph (12) refers to assault by a life prisoner on a noninmate, an offense based on section 4500, prior to amendment in 1977. Paragraph (10) refers to assault with intent to commit rape or robbery; section 220 prohibits assault with intent to commit rape but assault with intent to commit robbery was deleted as a distinct crime in 1978.

[8]Paragraph (8) refers to any other felony in which the defendant inflicts great bodily injury on any person other than an accomplice, or uses a firearm; paragraph (23) to any felony in which the defendant personally used a dangerous or deadly weapon.

[9]Defendant suggests that these paragraphs are an "enabling" act authorizing the Legislature to create specific crimes in the future. This construction still leaves the paragraphs in question without substantive effect, since the Legislature needs no enabling act to create such specific crimes or to add them to the list of serious felonies set out in section 1192.7.

■ We reject also defendant's contention that the serious felony enhancement of section 667 cannot be based upon his admitted prior residential burglary, because that crime antedated the enactment of Proposition 8. Section 667 plainly was intended to take account of antecedent crimes; it includes in the list incorporated from section 1192.7 crimes which were repealed prior to the effective date of the initiative. (See fn. 7, *ante*.) The basic purpose of the section—the deterrence of recidivism—would be frustrated by a construction which did not take account of prior criminal conduct. No constitutional bar prevents the application of section 667 to the later offense solely because the prior conviction which serves as a basis for enhancement was committed before the initiative passed. In the context of habitual criminal statutes, "increased penalties for subsequent offenses are attributable to the defendant's status as a repeat offender and arise as an incident of the subsequent offense rather than constituting a penalty for the prior offense." (*In re Foss* (1974) 10 Cal.3d 910, 922 [112 Cal.Rptr. 649, 519 P.2d 1073].)

■ Defendant finally contends that even though he admitted that both his current burglary and the third alleged prior burglary involved entry into a residence, his admissions are insufficient to establish the fact. He points out that both convictions were for second degree burglary, that entry into a residence is not an essential element of second degree burglary, and argues that under *People v. Crowson* (1983) 33 Cal.3d 623 [190 Cal.Rptr. 165, 660 P.2d 389], the court may not go beyond the defined elements of the crime in determining the nature of defendant's conduct.

In *Crowson*, defendant's sentence had been enhanced pursuant to section 667.5, subdivision (b) (see fn. 4, *ante*) for a prior federal prison term for conspiracy. Under section 667.5 the prior term could be used to enhance only if the offense "includes all of the elements of the particular felony as defined under California law. . . ." Because California conspiracy law includes an overt act as an element of the offense and federal law, as found in *Crowson*, does not, the court held that the enhancement was improper.

*Crowson* rejected the claim that the prosecution could go behind the elements of the foreign crime to prove that defendant's conduct in the prior incident would have subjected him to a conspiracy conviction in California, citing *In re Finley* (1968) 68 Cal.2d 389 [66 Cal.Rptr. 733, 438 P.2d 381]. *Finley* discussed the related question whether a foreign conviction could be used pursuant to section 668[10] as a basis for increased punishment under

[10]Section 668 provides: "Every person who has been convicted in any other state, government, country or jurisdiction of an offense for which, if committed within this state, such person could have been punished under the laws of this state by imprisonment in a state prison, is punishable for any subsequent crime committed within this state in the manner prescribed by law and to the same extent as if such prior conviction had taken place in a court of this state."

the then-existing habitual criminal law (former § 644). Chief Justice Traynor explained that such a determination does not involve "the opening or reopening of questions calling for resolution on the basis of the testimony of witnesses who may have died or disappeared or where memories have faded. . . . The fact that an accused suffered a foreign conviction of a crime is made officially of record at the time and place of such conviction, and the law of the jurisdiction where he suffered it is judicially noticed. [Citations.] *The least adjudicated elements of the prior conviction* remain the same whether it is questioned in the trial court at the time of the determination of habitual criminality or on habeas corpus after such determination has become final. *Neither the People nor the defendant can go behind those adjudicated elements in an attempt to show that he committed a greater, lesser, or different offense.*" (68 Cal.2d at pp. 392-393, italics added.)

The People finally argued in *Crowson* that even if a federal conspiracy charge did not require proof of an overt act, the federal indictment to which defendant pled guilty specifically alleged two overt acts. We replied that "if, as we have concluded, proof of an overt act was not a required element of the federal offense, the allegations to which the People refer were entirely immaterial surplusage, and defendant would have had no reason or incentive to contest them in the federal proceeding. In general, the doctrine of collateral estoppel regards as conclusively determined only those issues *actually* and *necessarily* litigated in the prior proceeding [citations] and the United States Supreme Court has noted that a guilty plea is simply an admission of 'all the elements of a formal criminal charge.' (*McCarthy* v. *United States* (1969) 394 U.S. 459, 466 [22 L.Ed.2d 418, 425, 89 S.Ct. 1166].) If proof of an overt act was not required to sustain a conviction under the federal statute, neither a guilty verdict after a jury trial nor a plea of guilty may accurately be viewed as establishing that such an act occurred, regardless of the allegations of the charging pleading. . . ." (33 Cal.3d 623, 634.)

█ █ *Crowson* established two propositions relevant to the present case: (1) that proof of a prior conviction establishes only the minimum elements of the crime, even if the charging pleading contained additional, superfluous allegations; and (2) that the prosecution cannot go behind the record of the conviction and relitigate the circumstances of the offense to prove some fact which was not an element of the crime. The parties dispute whether these propositions bar the prosecutor from establishing that either defendant's current burglary, or his prior burglary, involved entry into a residence.

█ With respect to the current burglary, we find the *Crowson* principles inapplicable. Defendant relies on *People* v. *Lee* (1984) 150 Cal.App.3d

455 [197 Cal.Rptr. 766], which reasoned that there is no crime of "burglary of a residence," and that *Crowson* would bar proof of matters which were not elements of the charged crime. As we have explained, however, Proposition 8 did not intend to define a crime, "burglary of a residence," intermediate between first and second degree burglary, but to create a new enhancement under which persons convicted of first or second degree burglary could receive an additional sentence.[11] Under this reasoning, even though entry into a residence is not an essential element of second degree burglary, it was properly pled as an essential element of the serious felony enhancement provided by section 667. We see no reason why this element cannot be alleged and established in the same manner as other factors which, although not elements of the charged offense, affect the length of the sentence, such as service of a prior prison term (§ 667.5), infliction of great bodily injury (§§ 667.7, 12022.7, 12022.8), and use of a firearm (§§ 12022.3, 12022.5). Such enhancements are ordinarily included in the pleading and, unless admitted by the defendant, become issues to be proved at trial.[12] It cannot reasonably be argued that a defendant who admits the truth of an enhancement allegation can escape the increased sentence on the ground that the elements of the enhancement are not also elements of the underlying crime.

In the case at hand, the allegation that defendant entered "a residence within the meaning of Penal Code section 667" was not superfluous, but essential to notify defendant that the prosecution intended to prove the elements essential to an enhancement under section 667. Defendant was aware, as the record reveals, that admitting the residential character of the burglary was not an idle act, but exposed him to an additional five-year sentence. He nevertheless, as part of a plea bargain, expressly admitted the allegation. "Defendant's admission of the prior conviction[] is not limited in scope to the fact of the conviction[] but extends to all allegations concerning the

---

[11]We reject the contention that "burglary of a residence," as used in section 1192.7, subdivision (c), means first degree burglary. That contention would be attractive if Proposition 8 had been enacted after January 1, 1983, when section 460 was amended to include daytime residential burglaries within first degree burglary. When Proposition 8 took effect, however, in June of 1982, first degree burglary was limited to residential burglaries in the nighttime. The use of the term "residential burglary" instead of first degree burglary in section 1192.7, subdivision (c), indicates that the provision was intended to encompass daytime burglaries as well.

[12]Section 1170.1, subdivision (f), states that "[t]he enhancements provided in sections 667.5, 667.6, 12022, 12022.1, 12022.3, 12022.5, 12022.6, 12022.7, and 12022.8 shall be pleaded and proven as provided by law." Proposition 8 did not add section 667 to this list, perhaps through oversight. It is obvious, however, that the enhancement provided by this section is subject to equivalent pleading and proof requirements. The court could not impose an enhanced term for a subsequent serious felony without proof of each fact required for that enhancement, and principles of due process would require that defendant receive notice of the facts the prosecution intends to prove.

[felony] contained in the information." (*People* v. *Ebner* (1966) 64 Cal.2d 297, 303 [49 Cal.Rptr. 690, 411 P.2d 578].) He is now bound by that admission.[13] (*People* v. *Welge* (1980) 101 Cal.App.3d 616, 623 [161 Cal.Rptr. 686].)

With respect to a prior burglary conviction, however, especially one such as defendant's which antedates Proposition 8, proof of the residential character of the burglary encounters obstacles.[14] The record of a conviction for second degree burglary would not prove entry into a residence, even if the pleadings included superfluous allegations to that effect. (*People* v. *Crowson, supra,* 33 Cal.3d 623, 634.) Moreover, the People could not go behind that record to prove a fact which was not then an element of the crime. (*Id.,* at pp. 633-634; see *In re Finley, supra,* 68 Cal.2d 389, 393-394; *In re McVickers* (1946) 29 Cal.2d 264, 276 [176 P.2d 40]; *People* v. *Hickey* (1980) 109 Cal.App.3d 426, 438-439 [167 Cal.Rptr. 256].) A contrary holding, permitting the People to litigate the circumstances of a crime committed years in the past, would raise serious problems akin to double jeopardy and denial of speedy trial.

■ There is no rule, however, which bars the defendant from admitting that a prior burglary involved entry into a residence, even if the prosecution is unable to prove the allegation. We permit a defendant in connection with a plea bargain to plead guilty to an offense with which he was not charged, and which the prosecution cannot prove, so long as it is reasonably related to defendant's conduct. (*People* v. *West* (1970) 3 Cal.3d 595, 612-613 [91 Cal.Rptr. 385, 477 P.2d 409].) A defendant should have the same latitude with respect to enhancements; if, as part of a bargain, he finds it advantageous to admit an enhancement which the prosecution may be unable to prove, *Crowson* does not prevent the court from giving effect to that admission.

■ Defendant here expressly admitted that his prior 1980 burglary conviction involved burglary of a residence. As part of the bargain, the prosecutor agreed to drop allegations charging two other prior residential burglaries. In retrospect, this may not have been an advantageous bargain for defendant, since under the reasoning of *Crowson* and the present opinion

---

[13]Language contrary to this conclusion in *People* v. *Lee, supra,* 150 Cal.App.3d 455, is hereby disapproved.

[14]In a post-Proposition 8 case, for the reasons we have explained, an allegation that a burglary involved entry into a residence is not a superfluous allegation. Even if the case involved the first serious felony charge against the defendant, proof of the residential character of the burglary would expose defendant to an enhanced punishment if he committed a later serious crime. Consequently, admissions or findings that a burglary was of a residence, established on the record of the conviction, could be used in a later proceeding to prove that the defendant had previously been convicted of a serious felony.

the prosecution may have been unable to prove the residential character of any of the prior burglaries. At the time the bargain was struck, however, it was a fair transaction, in which defendant accepted one five-year enhancement, reserving the right to challenge that enhancement on appeal, to avoid the risk of two potential similar enhancements. Defendant further received the assurance that if the five-year enhancement were overturned on appeal, he would continue to receive the middle term, with only a one-year enhancement for the prior felony prison term. When a defendant enters into a bargain to protect himself against uncertainty in the law, we see no reason why defendant should not be bound to the terms of his bargain and plea. (See *Brady* v. *United States* (1970) 397 U.S. 742, 756-758 [25 L.Ed.2d 747, 760-762, 90 S.Ct. 1463].)

We conclude that defendant, having admitted that both the current burglary and the third alleged prior burglary involved entry into a residence, is subject to an enhanced sentence pursuant to section 667. ■ Defendant maintains, however, that any such enhancement is limited by the provisions of section 1170.1, subdivision (g) to two years, the length of the base term imposed for the current burglary. Section 1170.1, subdivision (g) provides that "[t]he term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term . . . unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (c) of this section, or an enhancement is imposed pursuant to Section[s] 12022, 12022.5, 12022.6 or 12022.7 or the defendant stands convicted of felony escape. . . ." None of the listed exceptions apply to the present case, so defendant contends that he cannot be sentenced to more than twice the base term selected by the trial court.

The Attorney General, however, argues that the double base term limitation was abolished by Proposition 8, at least as to enhancements for serious felonies. He points first to the constitutional language which asserts that "[a]ny prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used *without limitation* for purposes of impeachment or enhancement of sentence in any criminal proceeding. . . ." (Cal. Const., art. I, § 28, subd. (f), italics added.) He then points to the provisions of section 667, which by imposing a five-year enhancement for a crime—burglary—which usually has a base term of less than five years, necessarily contemplate an enhancement unlimited by the length of the base term. We find the meaning of the constitutional provision uncertain, but agree that section 667 was intended to impose an enhancement unlimited by the double base term rule.

The enhanced term of five years imposed by section 667 is applicable upon a conviction for burglary of a residence if defendant was previously

convicted of a serious felony. Such a burglary, as we have observed, may be either first or second degree. The former carries base terms of two, four or six years (§ 461, subd. 1); the latter carries terms of sixteen months, two years or three years (§ 461, subd. 2 and § 18). Thus, if the double base term limitation applied, it would prevent imposition of the full five-year enhancement except in cases in which the defendant was convicted of first degree burglary and received the aggravated term. We conclude that enhancements for serious felonies under section 667 were not intended to be subject to the double base term limitation of section 1170.1, subdivision (g). To carry out the intention of the enactment, we read section 1170.1, subdivision (g), as if it contained an exception for enhancements for serious felonies pursuant to section 667, comparable to the explicit exception for enhancements for violent felonies under section 667.5.[15]

■ Both parties call our attention to the legislative enactment of section 1170.95 (enacted as § 1170.8, then renumbered), effective January 1, 1983. Subdivision (b) of this section provides that "[n]otwithstanding the provisions of Section 1170.1 [the double base term rule], the term of imprisonment may exceed twice the number of years imposed by the trial court as the base term . . . if the defendant stands convicted of at least two residential burglaries." Defendant argues that this enactment indicates that the Legislature recognized that between June 9, 1982, when Proposition 8 became effective, and January 1, 1983, the term of imprisonment was limited by the double base term rule.

Section 1170.95 was proposed and first passed by the Assembly six months before Proposition 8 was adopted, but was finally approved unanimously by both Senate and Assembly after Proposition 8 went into effect. The legislative history indicates that it was intended to address the problem of a defendant convicted of multiple burglaries in a single proceeding and who could not, because of limits on the length of subordinate terms and the double base term rule, receive consecutive sentences for each crime. (See Rep. of Sen. Com. on the Judiciary on Assem. Bill No. 501 (1981-1982 Reg. Sess.).) It thus serves a parallel purpose to section 667: the latter repealed the double base term limitation upon enhancements based upon prior convictions for a serious felony, while section 1170.95 repealed that limitation as it restricts consecutive sentences for multiple residential burglary convictions in a single proceeding.[16]

---

[15]Proposition 8's failure to amend section 1170.1, subdivision (g) appears to be a draftsman's oversight comparable to the failure to amend subdivision (f) discussed earlier in this opinion (see fn. 12, *ante*).

[16]Defendant argues that section 1170.95 amends section 667 by implication (subd. (e) of § 667 provides that the section can be amended by a two-thirds vote of the Legislature), and by eliminating the double base term limitation for a defendant who "stands convicted of at

Defendant finally argues that the case should be remanded to the trial court so that it could consider whether to strike the prior felony conviction. The question whether a court has authority under section 1385 to strike an allegation charging a prior conviction of a serious felony is presently before this court in other appeals. The present case is not a suitable one to resolve that issue. Defendant entered into a plea bargain which contemplated imposition of an enhancement based on the prior conviction. In rejecting probation, the court indicated not only that a prison term was appropriate, but also that in view of defendant's extensive criminal record the imposition of the five-year serious felony enhancement was important. It is quite clear that if defendant had moved to strike the prior conviction,[17] the court would have denied that motion on its merits.

We conclude that the court properly imposed a five-year enhancement under section 667 because defendant was convicted in this proceeding of a burglary of a residence, and admitted that he had been previously convicted of such a burglary. The enhancement is not confined by the double base term limitation of section 1170.1, subdivision (g). The judgment is affirmed.

Kaus, J., Reynoso, J., and Grodin, J., concurred.

Bird, C. J., and Mosk, J., concurred in the judgment.

**LUCAS, J.**—I concur in the judgment affirming defendant's conviction.

I have some reservations regarding the holding in *People* v. *Crowson* (1983) 33 Cal.3d 623, 632-635 [190 Cal.Rptr. 165, 660 P.2d 389], that the People may not "go behind" the elements of a prior offense to prove certain

---

least two residential burglaries," impliedly retains that limitation when a defendant "stands convicted" of only one such burglary in the present proceeding. There are too many implications here for this to be a reasonable argument. Section 1170.95 addressed only the subject of multiple burglary convictions in a single proceeding—a subject not considered by section 667—and in providing for extended punishment for multiple offenses said nothing about the limitations, or lack of limitations, on the terms imposed for enhanced single convictions.

[17]Defense counsel referred to section 1385 at the sentencing hearing, but did not actually move to strike the prior conviction. What happened is that Jackson himself argued that the five-year enhancement was improper because second degree burglary was not a serious felony before Proposition 8 was enacted. Defense counsel interjected: "I think what the defendant is trying to tell your honor, sir, is that he was—he's asking you to consider striking the prior pursuant to Penal Code section 1385." The court, however, rejected this interpretation of defendant's remarks: "The way I interpret what he said, counsel, as opposed to your interpretation, is that he has asked this court to make a determination that he was not convicted of residential burglary, that he was convicted of second degree burglary, which would not make it a serious felony prior. And it is to be pointed out that he admitted a third serious felony prior, in that he was convicted of the crime of residential burglary." Jackson responded: "I'm merely pointing out at the time of that conviction, that it was not a part of 667."

specifics of the defendant's conduct which have become relevant for enhancement purposes by reason of his commission of a new offense. I did not participate in *Crowson,* and I feel that we should reconsider that aspect of the case.

The present case, however, is not a suitable vehicle for reconsidering *Crowson,* because defendant expressly admitted the residential nature of his burglaries and, as the majority holds, that admission is sufficient for purposes of enhancing his sentence. Accordingly, I concur in the judgment.

Appellant's petition for a rehearing was denied March 21, 1985.