[No. B007254. Second Dist., Div. Two. Feb. 19, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
JESUS CISNEROS, Defendant and Appellant.

**COUNSEL**

Lawrence D. Weber, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Susanne C. Wylie, Supervising Deputy Attorney General, and Jane Began Sagehorn, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**ROTH, P. J.**—Jesus Cisneros appeals from his convictions of first degree burglary and of exhibiting and threatening with a knife. We affirm.

On March 18, 1984, Francisco Avila returned home from work at approximately 11 a.m. He found defendant Cisneros in his room. Cisneros held a bag containing Avila's clock radio. Avila took the bag from Cisneros, who tried to escape. Avila grabbed him. Cisneros pulled a knife from his waistband and displayed it. Avila took the knife away from Cisneros, then threw him to the ground. A third person helped restrain Cisneros until the police arrived. They searched Cisneros and found Avila's watch and some money.

Cisneros was charged with residential burglary; with use of a deadly weapon; with assault with a deadly weapon; and with a prior serious felony conviction, first degree burglary. After trial to the court Cisneros was found guilty of burglary in the first degree. The weapon use allegation was found to be not true. He was found guilty of exhibiting and threatening with a knife, a lesser included offense of assault with a deadly weapon. The prior serious felony conviction was found to be true.

The court sentenced Cisneros to the midterm of four years for the burglary count, six months concurrent for the knife exhibiting count, and five years consecutive for the prior conviction pursuant to Penal Code section 667, subdivision (a), which states: "Any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively." ■ The basis of Cisneros' appeal is the contention that the application of section 667 violates Penal Code section 1170.1, subdivision (g), which states: "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (c) of this section, or an enhancement is imposed pursuant to Section 12022, 12022.5, 12022.6 or 12022.7 or the defendant stands convicted of felony escape from an institution in which he is lawfully confined."

The Courts of Appeal decisions considering the relationship between section 667, which was enacted by the voters as part of Proposition 8, and section 1170.1 have been badly split. (See, e.g., *People* v. *Whigam* (1984) 158 Cal.App.3d 1161 [205 Cal.Rptr. 227] [§ 667 has essentially no effect on the double-the-base-term limitation]; *People* v. *Wall* (1984) 162 Cal.App.3d 391 [208 Cal.Rptr. 506] [§ 667 implicitly amended § 1170.1]; *People* v. *Bellamy* (1984) 162 Cal.App.3d 949 [208 Cal.Rptr. 803] [§ 1170.1 is repealed].) Our Supreme Court has eliminated the uncertainty clinging to this issue, holding that "section 667 was intended to impose an enhancement unlimited by the double base term rule." (*People* v. *Jackson* (1985) 37 Cal.3d 826, 837 [210 Cal.Rptr. 623, 694 P.2d 736].) The failure to amend section 1170.1, subdivision (g), was probably a "draftsman's oversight." (*Id.*, fn. 15.)

Under this theory section 1170.1, subdivision (g) should be read: "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (c) of this section, or an enhancement is imposed pursuant to Section 12022, 12022.5, 12022.6 or 12022.7, *or an enhancement is imposed pursuant to Section 667 for a prior serious felony conviction,* or the defendant stands convicted of felony escape from an institution in which he is lawfully confined."

The Supreme Court's decision in *Jackson* settles the question adversely to Cisneros. There was no sentencing error.

The judgment is affirmed.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied March 13, 1985.