[No. A032877. First Dist., Div. Five. Oct. 27, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
ERASMO RODRIGUEZ MALDONADO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Parts I and III of this opinion are not certified for publication as they do not meet the standards for publication contained in California Rules of Court, rule 976(b).

## COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Theresa B. Doyle, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Edward P. O'Brien, Assistant Attorney General, and Ann K. Jensen, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**KING, J.**—In this case we strike a five-year sentence enhancement for a 1950 murder conviction in Texas because the minimum elements of the prior conviction did not include all the elements of a serious felony in California.

I.*

. . . . . . . . . . . . . . . . . . . . . .

II.

A jury convicted Maldonado of battery with serious bodily injury (Pen. Code, § 243, subd. (d)) and assault with a deadly weapon (Pen. Code,

---

*See footnote, *ante,* page 863.

§ 245, subd. (a)(1)), and found to be true allegations of personal use of a deadly weapon (Pen. Code, § 12022, subd. (b)) and injury to a person 60 years of age or older (Pen. Code, § 1203.09, subd. (f)). The court also found to be true an allegation that Maldonado had a prior serious felony conviction for murder in Texas in 1950 (Pen. Code, § 667).

The court sentenced Maldonado to nine years' imprisonment, consisting of the middle term of three years for battery with serious bodily injury, a one-year enhancement for personal use, and a five-year enhancement for the 1950 murder conviction.

### III.*

. . . . . . . . . . . . . . . . . . . . . . .

### IV.

Maldonado correctly contends the five-year enhancement for the 1950 Texas murder conviction must be stricken because the minimum elements of the conviction did not include "all of the elements of any serious felony" in California. (Pen. Code, § 667, subd. (a).)

The Texas conviction was for "murder with malice." The proof of the conviction established only the minimum elements of this crime. (*People v. Piper* (1986) 42 Cal.3d 471, 475 [229 Cal.Rptr. 125, 722 P.2d 899]; *People v. Jackson* (1985) 37 Cal.3d 826, 834 [210 Cal.Rptr. 623, 694 P.2d 736].)

Under Texas law in 1950[1] malice could be implied where death resulted from an act committed "so recklessly and wantonly as to manifest a depravity of mind and disregard for human life." (*Brewer v. State* (1940) 140 Tex.Crim. 9 [143 S.W.2d 599, 602]; accord, *Cockrell v. State* (1938) 135

---

*See footnote, *ante*, page 863.

[1]Maldonado states it is unclear whether the elements of the prior conviction are determined according to Texas law at the time of the conviction or at the time of the current offense. The only reasonable conclusion is that the law at the time of the prior conviction is determinative, as the conviction establishes only the elements of the crime as defined at that time.

Tex.Crim. 218 [117 S.W.2d 1105, 1109].) There was no requirement that the defendant had been *subjectively* aware of the risk created; it was sufficient that a reasonable person would have been aware of the risk. (See Collings, *Negligent Murder—Some Stateside Footnotes to Director of Public Prosecutions v. Smith* (1961) 49 Cal.L.Rev. 254, 278 [describing a 1919 Texas decision as "written in such a way as to give the impression that the test is completely objective and that awareness of the risk by the defendant is immaterial"]; Moreland, The Law of Homicide (1952) pp. 39-41 & fn. 40 [citing only Alabama, Minnesota, and North Carolina decisions exemplifying a line of cases adopting the subjective test].) For example, in *Brewer* v. *State, supra,* 143 S.W.2d at page 601, the court said that the owner of an automobile who had allowed a drunken companion to drive the car recklessly, causing a death, could be held "responsible as a principal for whatever might result therefrom, provided it *could have been reasonably anticipated* as a result." (Italics added.)

Accordingly, the minimum elements of Maldonado's conviction for murder with malice were a killing caused by reckless conduct in which the defendant was not subjectively aware of the risk but a reasonable person would have been. These elements do not constitute the serious felonies of murder or voluntary manslaughter under Penal Code section 1192.7, subdivision (c)(1). In California, malice aforethought can be implied in support of a conviction for murder by reckless conduct only if the defendant was subjectively aware of the risk. (*People* v. *Watson* (1981) 30 Cal.3d 290, 296-297 [179 Cal.Rptr. 43, 637 P.2d 279].) Where there was no subjective awareness, but a reasonable person would have been aware of the risk, the homicide is involuntary or vehicular manslaughter (*ibid.; People* v. *Penny* (1955) 44 Cal.2d 861, 879-880 [285 P.2d 926]), which are not among the serious felonies enumerated in Penal Code section 1192.7, subdivision (c).

Nor did the minimum elements of the conviction constitute the serious felony of "any other felony in which the defendant inflicts great bodily injury on any person . . . ." (Pen. Code, § 1192.7, subd. (c)(8).) The syntax of subdivision (c)(8) indicates it was intended to apply only to cases in which the defendant *personally* inflicted great bodily injury. (*People* v. *Piper, supra,* 42 Cal.3d at pp. 475-478.) The minimum elements of the Texas conviction do not include personal infliction of great bodily injury, as the conviction could have been based on accomplice liability.

Because the minimum elements of the Texas conviction for murder with malice did not include all the elements of a serious felony in California, the five-year enhancement must be stricken.

The judgment is modified by striking the five-year enhancement, and is affirmed as modified.

Low, P. J., and Haning, J., concurred.