981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco D. PORRAS, Petitioner-Appellant,
v.
Eddie R. MYERS; Attorney General, State of California,
Respondents-Appellees.
 No. 92-55503.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.
Decided Dec. 11, 1992.
 
 1
 Before TANG, PREGERSON and T.G. NELSON Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Francisco D. Porras, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his convictions for conspiracy to possess more than 25 pounds of cocaine for sale, possession of more than 25 pounds of cocaine for sale, and laundering money derived from illegal trafficking of cocaine, in violation of Cal.Penal Code §§ 182(1), 186.10 and Cal.Health and Safety Code §§ 11351, 11352. Porras contends that the state trial court violated the proscription against ex post facto laws when it imposed a ten-year sentencing enhancement for possessing over 25 pounds of cocaine. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 4
 We review de novo the denial of a habeas petition. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). In order for a law or its interpretation to violate the ex post facto clause of the United States Constitution, it must either impose a punishment for an act which is not punishable at the time it is committed, or impose additional punishment than previously prescribed. Weaver v. Graham, 450 U.S. 24, 28 (1981).
 
 
 5
 Porras's offense was punishable at the time it was committed, because Cal.Health & Safety Code § 11370.4(a)(3) was enacted in 1985, which was two years prior to Porras's offense.[1] See id. Porras was sentenced to a base term of four years plus the ten-year enhancement, and received a total term of fourteen years for all of his counts. Porras contends, however, that the ten-year enhancement was in violation of the "double-the-base-term" limitation of Cal.Penal Code § 1170.1(g).[2] Porras concludes that because Health & Safety Code § 11370.4(a)(3) was not specifically set forth as an exception to the double-the-base-term limitation in 1987,[3] his sentence was improperly enhanced and therefore "increased punishment" in violation of the proscription against ex post facto laws. See id.
 
 
 6
 Porras' argument lacks merit because the California Supreme Court[4] has found that an enhancement could impliedly be an exception to the double-the-base-term limitation "to carry out the intention of the enactment" of the enhancement provision. California v. Jackson, 694 P.2d 736, 743 (Cal.1985) (in order to carry out the intent of Penal Code § 667 enhancement for prior felony convictions, there was an implied exception to the double-the-base-term limitation, due to a "draftman's oversight" in failing to amend Penal Code § 1170.1(g)), overruled on other grounds, California v. Guerrero, 748 P.2d 1150 (Cal.1988).
 
 
 7
 Specifically, the California Supreme Court has interpreted enhancements imposed pursuant to Cal.Health & Safety Code § 11370.4 prior to the 1988 amendment to Penal Code § 1170.1(g) to be impliedly excepted from the double-the-base-term limitation. California v. Pieters, 802 P.2d 420, 425 (Cal.1991). To find that section 11370.4 was not excepted from the double-the-base-term limitation would "defeat the manifest intention of the legislature in adding section 11370.4," which is to punish drug dealers in direct proportion to the amount of drugs possessed. Id. at 424 (citing California v. Carvajal, 202 Cal.App.3d 487, 501-02 (Cal.Ct.App.1988)). Accordingly, the state trial court properly enhanced Porras's sentence.
 
 
 8
 Porras's request that this case be consolidated with Mejia v. Myers, appeal no. 92-55510, is denied. Porras' request for appointment of counsel is also denied. See McCleskey v. Zant, 111 S.Ct. 1454, 1471 (1991) (no constitutional right to counsel in a federal habeas corpus proceeding).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cal.Health & Safety Code § 11370.4(a)(3) provides:
 "Any person convicted of a violation of, or a conspiracy to violate, Section 11351, 11351.5, or 11352 with respect to a substance containing ... cocaine ... shall receive an additional term as follows: ... Where the substance exceeds 25 pounds by weight, the person shall receive an additional term of 10 years."
 
 
 [2]
 At the time of Porras's offense, Cal.Penal Code § 1170.1(g) provided:
 The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (c) of this section, or an enhancement is imposed pursuant to Section 12022, 12022.4, 12022.5, 12022.6, 12022.7, or 12022.9, or the defendant stands convicted of felony escape from an institution in which he or she is lawfully confined.
 
 
 [3]
 The California legislature subsequently amended Penal Code § 1170.1(g) to include the exception for Health & Safety Code § 11370.4 in 1988. Cal.Penal Code § 1170.1(g) (1988)
 
 
 [4]
 "Normally the construction of a state statute by the highest court of that state must be treated as if it had been incorporated into the words of the statute." Knapp v. Cardwell, 667 F.2d 1253, 1260 (9th Cir.), cert. denied, 459 U.S. 1055 (1982). Accordingly, this court in applying the federal ex post facto prohibition "must accept the meaning ... of state laws as determined by the state's highest court." Watson v. Estelle, 886 F.2d 1093, 1099 (9th Cir.1989) (Marquez, J., concurring) (citing Lindsey v. Washington, 301 U.S. 397, 400 (1937))