17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry BOWEN, Petitioner-Appellant,
v.
Peggy L. KERNAN, Warden, CSP; Attorney General of the State
of California; Daniel E. Lungren, Respondents-Appellees.
 No. 93-55601.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 23, 1993.*
Decided Feb. 9, 1994.
 
 1
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Terry Bowen, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. He contends that habeas relief should have been granted because (1) his enhanced sentence violates the ex post facto clause; (2) the state court failed during the sentencing phase to apprise him of his fifth amendment privilege against self-incrimination, the right to trial by jury, and his right to confront witnesses; and (3) his sentence violates state law. We reject those contentions, and we affirm.
 
 DISCUSSION
 1. Ex Post Facto Clause
 
 4
 Bowen was sentenced pursuant to Cal.Penal Code Sec. 667(a) which provides for a five-year enhancement for each prior conviction for enumerated serious felonies. Bowen had three such prior convictions and, accordingly, his sentence was enhanced by fifteen years. He claims that his sentence violates the ex post facto clause because section 667 became effective after he had committed the prior offenses. We reject Bowen's claim. The ex post facto clause is not violated when a trial court enhances a current sentence based on offenses committed before the effective date of the enhancement statute. See Parke v. Raley, 113 S.Ct. 517, 522 (1992); United States v. Ahumada-Avalos, 875 F.2d 681, 684 (9th Cir.), cert. denied, 493 U.S. 837 (1989). Bowen's sentence under this recidivist statute is not an additional penalty for his prior crimes, but is an enhanced penalty for his current offense.
 
 
 5
 2. Trial Court's Failure to Advise of Rights
 
 
 6
 Following Bowen's conviction, the state court held a separate jury trial regarding the alleged prior convictions, during which Bowen admitted that he had been convicted of the prior offenses. He now contends that the trial court violated his constitutional rights by failing to warn him of his right against compulsory self-incrimination, his right to a jury trial, and his right to confront witnesses. Assuming such warnings are required, we find no constitutional violation.
 
 
 7
 Bowen received a jury determination regarding his prior convictions. He was given the opportunity at that proceeding to confront witnesses against him. The trial court specifically advised Bowen of his right to remain silent. This is not a case where a defendant admitted to prior convictions without knowledge of the consequences of the admission. See Adams v. Peterson, 968 F.2d 835, 841 n. 4 (9th Cir.1992), cert. denied, 113 S.Ct. 1818 (1993); Wright v. Craven, 461 F.2d 1109, 1109 (9th Cir.1972).
 
 3. Unlawful Sentence
 
 8
 A sentence in excess of that provided by state law may violate federal due process rights. See Whalen v. United States, 445 U.S. 684, 689-90 n. 4 (1980). Bowen contends that his sentence violates Cal.Penal Code Sec. 667(b) which provides that enhancements "shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment." The statute is not applicable here, however, because Bowen was not sentenced under any other provision of California law that required a greater sentence. See People v. Lobaugh, 233 Cal.Rptr. 683, 684-85, 188 Cal.App.3d 785, 783-84 (1987) (explaining application of section 667(b)).
 
 
 9
 Bowen also claims that his sentence violates Cal.Penal Code Sec. 1170.1(g) which provides that a "term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term." The California Supreme Court has ruled, however, that the double-base term limitation established by section 1170.1(g) does not apply to the five-year enhancement provisions of section 667. People v. Jackson, 37 Cal.3d 826, 694 P.2d 736, 210 Cal.Rptr. 623, 630 (1985). We are bound by that construction and, accordingly, we reject Bowen's claim. See Aponte v. Gomez, 993 F.2d 705, 707-08 (9th Cir.1993).
 
 
 10
 Finally, Bowen argues that he should have received one-year enhancements as provided by Cal.Penal Code Sec. 667.5(b). We disagree. The California Supreme Court has indicated that "when multiple statutory enhancements provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply." People v. Jones, 5 Cal.4th 1142, 857 P.2d 1163, 22 Cal.Rptr.2d 753, 756-57 (1993).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3