Filed 10/9/13  P. v. Divincenzo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058542 |
| v. | (Super.Ct.No. FVI05479) |
| DARRIN MATTHEW DIVINCENZO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Anna M. Jauregui-Law, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Darrin Matthew Divincenzo appeals after the trial court denied his petition for "Three Strikes" law resentencing under the reforms enacted by Proposition 36.  We affirm.

1

FACTS AND PROCEDURAL HISTORY

Defendant was charged by information in January 1997 with one count of first degree residential burglary. After over three years of delays, defendant eventually pleaded guilty in June 2000. In December 2000, the court sentenced defendant as a third striker to a prison term of 25 years to life.[1] In March 2013, after the passage of Proposition 36, reforming the Three Strikes law, defendant in propria persona filed a petition to recall the sentence and requesting resentencing. The trial court found that defendant was not eligible under the criteria of Proposition 36 for resentencing, and denied the petition.

Defendant filed a notice of appeal after this ruling.

---

[1] The amended information alleged two strike priors: a conviction in January of 1990 for residential (first degree) burglary, and a conviction in December of 1990 for another residential (first degree) burglary. The amended information also alleged three prior conviction enhancements: the first two enhancements were five-year priors (Pen. Code, § 667, subd. (a)(1)), based on the same convictions as the strike priors. The third prior conviction enhancement allegation was a one-year prior (Pen. Code, § 667.5), based on a 1994 conviction of felony vandalism, and not remaining free of prison for the prescribed period of five years. At sentencing after defendant's guilty plea on the current underlying offense in 2000, the court denied defendant's request to exercise its discretion to dismiss one or more of his strike priors. (*People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497.) On the People's motion, however, the trial court did strike the first two prior conviction enhancement allegations, i.e., the five-year priors based on the same two convictions as the strikes. The court imposed, but stayed, a one-year enhancement on the third prior conviction enhancement allegation. Defendant's prison commitment was therefore an indeterminate term of 25 years to life, based on his three strikes sentence.

ANALYSIS

Counsel was appointed to represent defendant on appeal.  Counsel has filed a brief under authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a summary of the proceedings and facts, but not arguing any specific issues.  Accordingly, we must conduct a review of the entire record to determine whether the record reveals any issues that would, if resolved favorably to defendant, result in a reversal or modification of the judgment or ruling being appealed.  (*Anders v. California*, *supra*, 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493]; *People v. Wende, supra,* 25 Cal.3d 436; *People v. Feggans* (1967) 67 Cal.2d 444; see also *People v. Johnson* (1981) 123 Cal.App.3d 106.)  Counsel did identify one potential issue for review, i.e., whether the trial court erred in denying defendant's petition to recall his sentence and for resentencing under Proposition 36 (Pen. Code, § 1170.126).

Defendant has also been offered the opportunity to file a personal supplemental brief, which he has done.  Defendant's personal supplemental brief raises several points: defendant contends (1) the Three Strikes law is unconstitutional, and violates the double jeopardy clause; (2) he was promised in writing at his guilty plea proceedings in respect to his 1989 and 1991 convictions that the first degree burglary offenses were not strikes, and could not be used as strikes in future proceedings; (3) his crimes were not violent because he never used weapons to carry them out, so he should be considered a nonviolent offender equally with other nonviolent offenders who are eligible for

resentencing under the three strikes reform provisions of Proposition 36. He also makes in essence a plea for mercy: his crimes were committed because of his use of illegal drugs. Since his latest imprisonment, he has taken classes or attended programs to overcome his drug problems. He claims he no longer craves drugs, and complains that he was never previously offered drug diversion.

Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record. We have found no arguable issues.

Defendant's current conviction is for first degree residential burglary. The trial court properly determined that the current conviction is for a serious felony, and that defendant is not eligible for resentencing under Penal Code section 1170.126.

Defendant appears to be laboring under a misapprehension as to the seriousness of his crimes. Both his strikes, as well as his current conviction, are for first degree residential burglary. Notwithstanding that defendant claims he was not armed when he committed these crimes, the Three Strikes law includes residential burglary as a strike, because the conduct, even if nonviolent, is still "so dangerous that its repeated occurrence might in the minds of the voters call for enhanced punishment equivalent to that imposed upon violent recidivists." (*People v. Jackson* (1985) 37 Cal.3d 826, 832.)

We reject defendant's claim that his prior offenses should not be treated as strikes. Defendant states that he "told my *origional* lawyer (Pub Defender) when I signed my

4

'deals' in 1989 and 1991 they *werent* strikes and that using them as strikes at sentencing was a *breech* of written court document,"[2] but nothing in the record substantiates that there was any such written agreement that the convictions would not be treated as strikes. Indeed, it is difficult to understand how there could have been. First degree burglary was, at the time of defendant's plea agreements in his strike cases, statutorily necessarily defined as a strike offense. (Pen. Code, § 1192.7, subd. (c)(18).) It is far too late at this stage of the game to challenge whether those convictions qualify as strikes. As a matter of law, they are strikes.

Defendant's constitutional claim is also without merit. Use of the strike convictions does not offend double jeopardy principles. A three strikes defendant is not being punished for the old offenses, but rather for the new offense. (See *Witte v. United States* (1995) 515 U.S. 389, 399, [132 L.Ed.2d 351, 115 S.Ct. 2199] ["In repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense . . . [is] 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'"].)

Defendant is to be commended for improving his life and circumstances while he has been incarcerated, but he has not presented a legally cognizable argument to establish that the trial court erred in its ruling.

---

[2] Italicized portions denote spelling, grammatical and punctuation errors in the original.

## DISPOSITION

The order denying defendant's petition to recall the sentence is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER           

J.

We concur:

HOLLENHORST        

         Acting P. J.

MILLER            

       J.