1 F.3d 1246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carlo BENETTI-MEJIA, Petitioner-Appellant,
v.
James H. GOMEZ, Director of the California Department of
Corrections, Respondent-Appellee.
 No. 92-56176.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided July 30, 1993.
 
 Before GIBSON,** HALL and KLEINFELD, Circuit Judges.
 
 
 1
 Memorandum***
 
 
 2
 Carlo Benetti-Mejia appeals pro se the district court's denial of his habeas petition. We affirm. Mejia was charged and convicted of possessing cocaine for sale in violation of California Health & Safety Code Sec. 11351. He was then sentenced to two years in state prison for possession of cocaine and to a consecutive ten year term under the quantity enhancement provision of the Health & Safety Code Sec. 11370.4(a) for possession for sale of cocaine exceeding 25 pounds in weight. The California Court of Appeals affirmed the conviction on July 25, 1991, and the California Supreme Court denied Mejia's petition for review. On January 15, 1992, Mejia filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Mejia sought relief contending that he was denied due process when the court imposed the ten-year sentence in violation of the double-base-term limitation of California Penal Code Sec. 1170.1, and the application of the enhancement violated the ex post facto clause of the Constitution. U.S. Const. art. 1, Sec. 10, cl. 1. The district court denied the petition and dismissed the action with prejudice. Mejia raises the same issues on appeal. Another panel recently addressed the same due process and ex post facto claims, in the context of the same statutory scheme. Aponte v. Gomez, No. 92-55937, 1993 WL 160380 (9th Cir. May 19, 1993). In Aponte, the panel concluded that the state court's interpretation of the enhancement provision of Sec. 11370.4, as exempt from the double-base-term limitation of California Penal Code Sec. 1170.1, is consistent with due process and the ex post facto clause of the Constitution, as it applies to the states in Art. I, Sec. 10, cl. 1. We are bound by decisions of prior panels, United States v. Washington, 872 F.2d 874, 880 (9th Cir.1989), and we AFFIRM the district court based on Aponte.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Floyd R. Gibson, Senior Circuit Judge, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3