45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raymundo VINDIOLA, Defendant-Appellant.
 No. 94-10109.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1994.
Decided Dec. 22, 1994.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Vindiola appeals his conviction of possession with intent to distribute marijuana and conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. Secs. 841(a)(1), (b)(1)(B), and 846. Vindiola also appeals his sentence for that conviction. We have jurisdiction over this timely appeal under 28 U.S.C. Sec. 1291. We affirm Vindiola's conviction, vacate his sentence, and remand for resentencing.
 
 
 2
 Vindiola's first argument is that the evidence was not sufficient to convict him of either the possession or conspiracy charges. Sufficiency of evidence claims are examined to determine if the evidence, when viewed in the light most favorable to the government, supports a conclusion that any rational jury could have found the essential elements of the crime beyond a reasonable doubt. To prove the possession charge, the government had to show that Vindiola had control over the marijuana. United States v. Vasquez-Chan, 978 F.2d 546, 550 (9th Cir.1992). The evidence at trial demonstrated that Vindiola helped to negotiate the drug deal by indicating that he could supply Banda (an informant) with hundreds of pounds of marijuana, and that he gave the informant a sample of marijuana. This evidence is sufficient to establish control over the drugs. To convict Vindiola of conspiracy, the government had to show that there was an agreement to commit a crime and the requisite intent for the underlying offense. United States v. Shabani, 115 S.Ct. 382 (1994), reversing 933 F.2d 1419 (9th Cir.1993). The existence of the agreement in this case is established by circumstantial evidence of multiple participants acting in concert to achieve an illegal objective. United States v. Monroe, 552 F.2d 860, 862 (9th Cir.), cert. denied, 431 U.S. 972 (1977). The evidence here was sufficient to show an agreement, as the informant initially engaged in negotiations with one person. The informant was then taken to the home of two others, and ultimately met Vindiola and another person to negotiate the final sale. The intent to possess and distribute the drugs is apparent from the evidence, as Vindiola actually gave the informant a sample of the drugs. Therefore, there was sufficient evidence to convict Vindiola of both possession with intent to distribute marijuana and conspiracy to possess with the intent to distribute marijuana.
 
 
 3
 Vindiola next argues that his counsel was ineffective because, in part, he did not challenge the pretrial identification of Vindiola. Vindiola may not raise an ineffective assistance of counsel claim on direct appeal unless the record is sufficiently developed to allow us to resolve it. United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991). We conclude that the record is not sufficient to resolve this issue, and that it is appropriately left for collateral review under 28 U.S.C. Sec. 2255.
 
 
 4
 Vindiola next challenges the calculation of his base offense under the Guidelines. While the charged conspiracy in this case involved approximately 1,300 pounds of marijuana, the district judge gave Vindiola a base offense level of 32, finding that he had engaged in a course of conduct that involved approximately 4,400 pounds of marijuana. See U.S.S.G. Sec. 2D1.1(a)(3) and (c)(6) (level 32 offense for at least 1,000 KG but less than 3,000 KG of marijuana). The additional amount of marijuana was calculated based upon drug ledgers seized from Vindiola's residence. According to United States v. Restrepo, 903 F.2d 648 (9th Cir.1990), U.S.S.G. Sec. 1B1.3 allows for "[a]mounts of drugs calculated on the basis of conduct of which the defendant is neither charged nor convicted but that were 'part of the same course of conduct or common scheme or plan as the offense of conviction' [to] properly be used to adjust the offense level." Restrepo, 903 F.2d at 653. "The sentencing judge's finding of the amount of drugs involved thus can drastically affect a defendant's sentence." Id. at 654. The district court's finding must be supported by "a sufficient weight of evidence to convince a reasonable person of the probable existence of the enhancing factor." Id. at 654-55. The district judge's finding that Vindiola had engaged in a course of conduct warranting a base level offense of 32 is supported by a preponderance of evidence. Vindiola had admitted to owning one of the ledgers, and the ledgers were found in his residence. The district judge could reasonably find that the ledger entries were for drug amounts. The district judge was careful to exclude other ledgers that the government had seized because there was no evidence of Vindiola's connection to them. "It was not clear error for the district court to conclude [that the ledger entries were] part of the general scheme of [selling marijuana] and thus could be included in the offense level calculation." United States v. Lillard, 929 F.2d 500, 504 (9th Cir.1991).
 
 
 5
 Finally, Vindiola challenges the district judge's three-point upward departure for Vindiola's management or supervisory role under U.S.S.G. Sec. 3B1.1(b). The district judge found that Vindiola played a supervisory role because he had furnished the marijuana.
 
 
 6
 However, U.S.S.G. Sec. 1B1.11 states that a sentencing court "shall use the Guidelines Manual in effect on the date that the defendant is sentenced" unless "the court determines that the use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the ex post facto clause." In that event, "the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." See U.S.S.G. Sec. 1B1.11(b)(1). In this case, Vindiola was sentenced in October 1994, making the effective Guidelines the 1993 version (the 1994 version does not take effect until November of that year). However, if any provision of the 1993 Guidelines would violate the ex post facto clause of the United States Constitution, then the 1990 Guidelines would have to be applied, because Vindiola committed his crimes during the time when the 1990 Guidelines were in effect.
 
 
 7
 The 1993 Guidelines amended the application notes to section 3B1.1, the provision under which Vindiola received a three-point upward departure: the Commission added the current application note 2 to section 3B1.1. That note establishes that a defendant who exercises managerial responsibility "over the property, assets or activities " of the criminal organization is subject to a sentence enhancement. See U.S.S.G. Sec. 3B1.1, app. note 2 (emphasis added). Prior to that amendment, we held that section 3B1.1 only allowed an upward enhancement where the defendant had a supervisory or managerial role with respect to other participants, not merely a supervisory or managerial role with respect to property. United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990). The amendment to the application note of section 3B1.1 was meant to resolve a conflict that had arisen within the federal courts over this very issue. See Amendment 500 to the 1993 Guidelines (Appendix C) ("This amendment clarifies the operation of this section to resolve a split among the courts of appeal [citing Mares-Molina ]").
 
 
 8
 Because Vindiola, at the time he committed his offense, could not receive an upward departure for playing a supervisory or managerial role over property, applying the 1993 version of section 3B1.1 could result in Vindiola receiving an enhanced sentence in violation of the ex post facto clause. However, there is no ex post facto violation "if an amendment to the Guidelines merely clarifies its existing substance as opposed to changing its substance.... This requires us to characterize the nature of the amendment." United States v. Johns, 5 F.3d 1267, 1269 (9th Cir.1993). While it is true that amendment 2 to section 3B1.1 stated that it was clarifying the issue, in reality the amendment overruled our Mares-Molina holding. As in Johns, we do not see how an amendment that changes specific existing circuit precedent can be called mere clarification.
 
 
 9
 Of course, the "mere fact that the Guidelines have changed will not cause their application to violate the Ex Post Facto Clause." Johns, 5 F.3d at 1270. The ex post facto clause forbids only "punishment for acts not punishable at the time the offense was committed and the imposition of an additional punishment beyond that permitted at the time of the offense." Id., quoting Aponte v. Gomez, 993 F.2d 705, 708 (9th Cir.1993) (further citation omitted).
 
 
 10
 But in Vindiola's case, the application of a 1993 (or later) version of section 3B1.1 allowed the district judge to punish him more severely because he played a supervisory or managerial role with respect to the marijuana. The district court, in sentencing Vindiola, said that "[i]f you're the one who's supplying the stuff, it seems to me that does put you in a supervisory or managerial level." While that view of what needs to be supervised is correct today, it was not correct at the time Vindiola committed the offenses for which he was convicted. Therefore, Vindiola's three-point upward departure under section 3B1.1 was a violation of the ex post facto clause. To determine if any upward departure is warranted under section 3B1.1, the district judge, on remand, must use the 1990 version of that provision, which requires, based on Mares-Molina, that Vindiola have supervised or managed at least one of the participants, "that is, a person who was criminally responsible for the commission of the offense." United States v. Helmy, 951 F.2d 988 (9th Cir.1991).
 
 
 11
 Conviction AFFIRMED, sentence VACATED and REMANDED.