[No. F016437. Fifth Dist. Sept. 23, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
EMERY ELROY GRIM, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, the first two paragraphs of this opinion, part II.A of the Discussion, and the Disposition are certified for publication.

COUNSEL

John L. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, Edgar A. Kerry and Rosendo Peña, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FRANSON, J.*—Appellant Emery Elroy Grim was convicted by jury of one count of violating Penal Code[1] section 288, subdivision (b), to wit, a lewd and lascivious act upon his son, a minor under the age of 14. The jury further found true the alleged enhancements that appellant was statutorily ineligible for probation because he occupied a position of special trust and committed an act of substantial sexual conduct upon his victim (§ 1203.066, subd. (a)(9)), and because he employed force, violence, duress, menace, or fear of immediate and unlawful bodily injury in committing the section 288 violation (§ 1203.066, subd. (a)(1)).

Appellant was sentenced to prison for the middle term of six years.

STATEMENT OF FACTS; DISCUSSION

I.  *Substantial evidence supports a finding of the use of force.†*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

II.  *The instructions and jury forms relating to the enhancement allegations were adequate.*

A.  *Definition of "substantial sexual conduct."*

Section 1203.066, subdivision (a)(9) bars probation for "[a] person who occupies a position of special trust and commits an act of substantial sexual conduct."

"Substantial sexual conduct" includes oral copulation. (§ 1203.066, subd. (b).) Consequently, the jury was instructed on "oral copulation" as follows:

---

*Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Council.

[1]All statutory references are to the Penal Code unless otherwise indicated.

†See footnote, *ante,* page 1240.

"Any contact, however slight, between the mouth of one person and the sexual organ of another person constitutes 'oral copulation'. Penetration of the mouth is not required."

The above definition of "oral copulation" was derived from CALJIC No. 10.10 (5th ed. 1988 bound vol.). However, the 1989 revision (5th ed. pocket pt.) of that instruction changed the definition, which now reads:

" 'Oral copulation' consists of:

"1. Any penetration, however slight, of the mouth of one person by the sexual organ . . . of another person, or

"2. When there is no penetration, any *substantial* contact between the mouth of one person and the sexual organ . . . of another person." (Italics added.)

In the instant case, it was clear from the victim S.G.'s testimony there was no penetration by appellant's penis into S.G.'s mouth. Under the definition of oral copulation read at trial, "[a]ny contact, however slight," between S.G.'s mouth and appellant's penis would constitute oral copulation. Under the more recent definition, however, "substantial" contact between S.G.'s mouth and appellant's penis would have been required to constitute oral copulation, and therefore substantial sexual conduct.

■ The question thus becomes whether the older version of CALJIC No. 10.10 or the newer one represents the true state of the law. If the old version read at trial was not an accurate legal definition of oral copulation, respondent "agrees that the error was prejudicial inasmuch as the evidence was not clear as to whether there was substantial contact or minimal contact between appellant's penis and [S.G.'s] mouth . . . ."

The CALJIC pocket part makes no explanation for the change in the definition of "oral copulation" in instruction Nos. 10.10 through 10.16 and 10.45 through 10.46, except to cite to 2 Witkin and Epstein, California Criminal Law (2d ed. 1988) section 784.

The aforementioned section of California Criminal Law addresses the legal elements of oral copulation, tracing primarily the question of whether penetration is necessary. Included in this discussion is the following language:

"Other decisions find *substantial contact without penetration* sufficient. Thus, in *People* v. *Coleman* (1942) 53 Cal.App.2d 18, 26 [], the conviction was affirmed on evidence that the male defendant kept his mouth against the female victim's private parts for 5 to 10 minutes. The *Angier* case [*People* v.

*Angier* (1941) 44 Cal.App.2d 417] was distinguished on the ground that the equivocal evidence, if it did establish an actual touching, at most showed a single act of kissing or licking a child's private parts." (2 Witkin & Epstein, Cal. Criminal Law, *op. cit. supra*, pp. 885-886, italics in original.)

We have examined the significant cases dealing with marginal oral copulation evidence (*People* v. *Angier* (1941) 44 Cal.App.2d 417 [112 P.2d 659]; *People* v. *Coleman* (1942) 53 Cal.App.2d 18 [127 P.2d 309]; *People* v. *Hickok* (1950) 96 Cal.App.2d 621 [216 P.2d 140]; *People* v. *Harris* (1951) 108 Cal.App.2d 84 [238 P.2d 158]; *People* v. *Bennett* (1953) 119 Cal.App.2d 224 [259 P.2d 476]; *People* v. *Wilson* (1971) 20 Cal.App.3d 507 [97 Cal.Rptr. 774]; *People* v. *Minor* (1980) 104 Cal.App.3d 194 [163 Cal.Rptr. 501]). Only *People* v. *Minor* mentions "substantial contact" or anything similar, and there the court was saying that substantial contact is *not* required.

"Appellant contends that the verdict on the charge of forcible oral copulation is not supported by substantial evidence in that there was no evidence of penetration or of substantial sexual contact with the mouth of the victim. This contention cannot be sustained. The offense is complete when, as occurred here according to the testimony of the victim, the mouth is forcibly placed upon the genital organ of another []." (104 Cal.App.3d at pp. 196-197.)

With all due respect to Witkin and Epstein, we conclude the older CALJIC No. 10.10, "Any contact, however slight," is a more accurate statement of existing case law than is the 1989 revision. Consequently, we find no error in the instruction read below.

B.-D.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Harris, Acting P. J., and Buckley, J., concurred.

---

*See footnote, *ante*, page 1240.