**Pedro APONTE, Petitioner–Appellant,**

**v.**

**James H. GOMEZ, Director, California Department of Corrections; Attorney General for the State of California, Respondents–Appellees.**

**No. 92–55937.**

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 1993 *.

Decided May 19, 1993.

34(a) and Ninth Circuit Rule 34–4.

Pedro Aponte, pro per, petitioner-appellant.

Elizabeth A. Hartwig, Deputy Atty. Gen., San Diego, CA, for respondents-appellees.

Before: KOZINSKI, SUHRHEINRICH,** and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

Pedro Aponte (Aponte), a California state prisoner, appeals *pro se* the district court's denial of his habeas petition. The district court had jurisdiction under 28 U.S.C. §§ 2241, 2254. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. §§ 1291, 2253 and affirm.

I.

FACTS AND PROCEDURAL HISTORY

Aponte was arrested on November 1, 1987, for various drug offenses. He pled guilty to

** Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit, sitting by designation.

transportation of cocaine in violation of California Health & Safety Code (HSC) § 11352 (Count 1) and possession of cocaine for sale in violation of HSC § 11351.5 (Count 2). Aponte also conceded that the substance containing cocaine exceeded twenty-five pounds within the meaning of HSC § 11370.4(a).

Aponte was sentenced to a mid-term level of four years as to Count 1 and to a consecutive ten-year term pursuant to HSC § 11370.4(a)(3), for a total of fourteen years in prison. Aponte sought habeas relief contending that because his sentence exceeds twice the number of years imposed as a base level, he was sentenced in violation of California Penal Code § 1170.1(g) which, in 1987, did not permit a sentence in excess of twice the base term (i.e., eight years).

The district court denied Aponte's habeas petition, concluding that because the California appellate courts have interpreted the sentencing statutes as excluding the ten-year enhancement from the double-base-term limitation in pre–1988 cases, we are bound by that interpretation. Aponte raises both due process and *ex post facto* claims. We reject both claims and affirm the district court.

## II.

### DISCUSSION

■ The district court's denial of a habeas petition is reviewed *de novo*. *McSherry v. Block*, 880 F.2d 1049, 1051 (9th Cir.1989), *cert. denied*, —— U.S. ——, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991).

Because the resolution of issues presented in this case depends upon an understanding of several California statutes, we set forth in some detail that statutory scheme. Quantity enhancements pursuant to HSC § 11370.4(a) were enacted by the California Legislature in 1985. Section 11370.4 imposes a sentencing enhancement when the following three conditions are met: (1) a defendant is convicted of violating HSC §§ 11351, 11351.5, or 11352; (2) such a violation involved a substance containing heroin or cocaine; and (3) the substance exceeded three, ten, or twenty-five pounds. If these prerequisites are satisfied, a defendant is subject to a three-, five-, or ten-year enhancement.

At the time Aponte committed the offenses in 1987, § 1170.1(g) provided in pertinent part that the "term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term," with certain exceptions not relevant here. Because the double-base-term limitation in § 1170.1(g) became operative in 1977, the later-enacted enhancements under § 11370.4 were not specifically excepted from operation of the double-base-term limitation. Nor did § 11370.4 make reference to the double-base-term limitation provision. In 1988, § 1170.1(g) was amended to exempt the ten-year enhancement from the double-base-term limitation.

The California Supreme Court recently interpreted the sentencing statutes and concluded that the ten-year enhancement was excluded from the double-base-term limitation. *People v. Pieters*, 52 Cal.3d 894, 276 Cal.Rptr. 918, 919–20, 802 P.2d 420, 421–22 (1991). Our task is to determine whether that exclusion violates either due process or the Ex Post Facto Clause. We conclude that it does not.

■ We are bound by a state court's construction of its own penal statutes. *McSherry*, 880 F.2d at 1052. Therefore, we must defer to the construction set forth in *Pieters* unless we find that its interpretation is "untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942, 110 S.Ct. 344, 107 L.Ed.2d 332 (1989). The *Pieters* statutory construction is neither untenable nor a subterfuge.

In fact, far from being untenable, the result reached is entirely logical. If the sentencing statutes were construed so as to impose the double-term limitation, as Aponte suggests, it would render the enhancement pursuant to § 11370.4 nugatory with regard to pre–1988 offenses, a result *Pieters* found was contrary to legislative intent:

> it would have been absurd for the Legislature to have created a provision that could never be given effect, especially when such an interpretation would frustrate the Legislature's express purpose of punishing

drug dealers in proportion to the amount of drugs possessed.

*Pieters,* 276 Cal.Rptr. at 921, 802 P.2d at 423 (citing *People v. Carvajal,* 202 Cal.App.3d 487, 501–02, 249 Cal.Rptr. 368 (1988)). Furthermore, the California Supreme Court noted that it did "not believe the Legislature intended full application of section 11370.4 to depend on the fortuitous availability of some unrelated exception." *Id.* 276 Cal.Rptr. at 922, 802 P.2d at 424.

▮ It is a settled principle of statutory construction that a statute need not be given its literal meaning if doing so renders an absurd result which the legislature did not intend. *See id.* at 919, 802 P.2d at 422. In this case, because the literal interpretation renders an absurd result by negating the effect of the sentencing enhancement contrary to legislative intent, *Pieters* is neither untenable nor subterfuge.

Having established that we must give deference to the *Pieters* construction, the next step is to determine whether Aponte's federal constitutional rights have been violated by application of that construction. "While the interpretive gloss on the statute may bind this court as a matter of statutory construction, we are not, however, similarly bound as to the *constitutional effect* of that construction." *McSherry,* 880 F.2d at 1053 (emphasis added).

▮ We conclude that application of the *Pieters* construction in this case is consistent with due process and the Ex Post Facto Clause. It was foreseeable that court would impose the fourteen-year sentence mandated by § 11370.4 rather than the eight-year maximum required by § 1170.1(g). The *Pieters* statutory construction would not be foreseeable if it were clearly contrary to the unambiguous statutory language or case law. *See Bouie v. City of Columbia,* 378 U.S. 347, 352, 84 S.Ct. 1697, 1701, 12 L.Ed.2d 894 (1964). But here the very fact that two different statutes commanded contradictory results gave notice that either result was possible.

Moreover, in holding the double-base-term limitation inapplicable to § 11370.4, *Pieters* noted that it had previously employed similar reasoning in *People v. Jackson,* 37 Cal.3d 826, 210 Cal.Rptr. 623, 694 P.2d 736 (1985).

*Pieters,* 276 Cal.Rptr. at 920, 802 P.2d at 423. In *Jackson,* the California Supreme Court concluded that the double-base-term limitation did not apply to five-year enhancements under California Penal Code § 667. *Jackson,* 210 Cal.Rptr. at 630, 694 P.2d at 743. Although *Pieters* acknowledged that *Jackson* did not control its outcome, *Pieters* not only found *Jackson's* reasoning persuasive, but found that such reasoning applied with equal force to § 11370.4. *Pieters,* 276 Cal.Rptr. at 921, 802 P.2d at 424. The fact that the California Supreme Court had previously employed analogous reasoning to create an exception to the double-base-term limitation provided additional notice that such an exception would be possible in the present situation.

Therefore, the *Pieters* construction was not "unexpected and indefensible by reference to the law which had been expressed prior to the conduct at issue," *Oxborrow,* 877 F.2d at 1399 (internal quotations omitted), and the "plain language [of § 11370.4] clearly envisioned the possibility of a [fourteen-year term]." *Id.* at 1400. As discussed above, the result reached in *Pieters* is logical and reasonable. It construed the sentencing scheme in accordance with the principles of statutory construction and its conclusion is certainly not "unexpected" or "indefensible." On the other hand, the interpretation Aponte posits would be unreasonable and contrary to the statutory scheme set up by § 11370.4.

▮ Due process is satisfied as long as the law gives fair notice and warning of the punishment to be imposed. *See McSherry,* 880 F.2d at 1054. Application of the ten-year sentencing enhancement was foreseeable and thus, Aponte had fair notice.

▮ The Ex Post Facto Clause forbids both the punishment for acts not punishable at the time the offense was committed and the imposition of an additional punishment beyond that permitted at the time of the offense. *Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 963, 67 L.Ed.2d 17 (1981). Violation of the Ex Post Facto Clause occurs where there is (1) retroactive application of a criminal law, and (2) such application disadvantages the defendant. *Id.* at 29, 101 S.Ct.

at 964. "Critical to relief under the Ex Post Facto Clause is *not* an individual's right to less punishment, *but the lack of fair notice* and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Id.* at 30, 101 S.Ct. at 965 (emphasis added). Because the construction was foreseeable, there was no *ex post facto* violation. Aponte was not being punished for impermissible conduct of which he was not aware. *See Oxborrow,* 877 F.2d at 1399.

AFFIRMED.