Samuel M. **JOHNSON,** Petitioner,

v.

Craig **NELSON,** Respondent.

No. 00–CV–1941 .W (AJB).

United States District Court, S.D. California.

April 10, 2001.

---

Samuel M. Johnson, San Diego, CA, Pro se.

Bill Lockyer, Attorney General of the State of California, Robert Anderson, Acting Chief Assistant Attorney General, Gary W. Schons, Senior Assistant Attorney General, Janelle M. Boustany, Supervising Deputy Attorney General, Bradley A. Weinreb, Deputy Attorney General, San Diego, CA, for Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

WHELAN, District Judge.

On September 28, 2000 Petitioner Samuel M. Johnson ("Petitioner"), proceeding *pro se*, submitted this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his civil commitment to the California Department of Mental Health under the Sexually Violent Predator Act ("SVP Act"), California Welfare and Institutions Code § 6600 *et seq.*

On February 22, 2001 United States Magistrate Judge Anthony J. Battaglia issued a Report and Recommendation ("Report") describing the reasons why Petitioner's habeas petition should be denied with prejudice. The parties were permitted to file objections to the Report, if any, no later than April 4, 2001. To date, no party has submitted objections to the Report nor requested additional time in which to do so.

### I. Legal Standard

The duties of the district court in connection with a Magistrate Judge's Report and Recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing,* 874 F.2d 614, 617 (9th Cir.1989); *United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

When no objections are filed, the district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *See Campbell v. United States Dist. Court,* 501 F.2d 196, 206 (9th Cir.1974). Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo.*" *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir.1989) (citing *Britt v. Simi Valley Unified Sch. Dist.,* 708 F.2d 452, 454 (9th Cir.1983)).

### II. Analysis

Having read and considered the papers submitted, including Petitioner's motion, the Court concludes that the Report presents a well reasoned analysis of the issues raised by the parties. The Magistrate Judge correctly determined that: (1) Petitioner presented a cognizable federal claim; (2) there was sufficient evidence of substantial sexual conduct; and (3) the trial court properly had jurisdiction over the SVP petition.

### III. Conclusion

In light of the foregoing, the reasoning and findings contained in the Report are hereby **ADOPTED** in their entirety. For the reasons stated in the Report, which are incorporated herein by reference, the Court DISMISSES with prejudice Petitioner's writ of habeas corpus. The Clerk

of Court shall close the district court case file.

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS

BATTAGLIA, United States Magistrate Judge.

## I. *INTRODUCTION*

On April 19, 1999, Petitioner Samuel M. Johnson was civilly committed to the California Department of Mental Health under the authority of California Welfare and Institutions Code § 6600 *et seq.*, commonly known as the Sexually Violent Predator Act ("SVP Act"). (Lodgment 9 at 0122–0124.) Johnson, who is proceeding pro se, now challenges that commitment with a habeas corpus action, pursuant to 28 U.S.C. § 2254. Specifically, he claims: (1) the California court's finding that mere touching of genitals is sufficient evidence of substantial sexual contact so as to support his commitment under the SVP Act violates his Due Process rights under the Fourteenth Amendment to the United States Constitution; (2) the trial court lacked jurisdiction over the SVP petition because Johnson was not in lawful custody at the time the SVP petition was filed; and, (3) the state court erroneously interpreted the SVP Act to provide that unlawful custodial status shall not be a basis to dismiss an SVP petition if the unlawful custody is the result of a good faith mistake of law or fact, in violation of his Due Process rights under the Fourteenth Amendment to the United States Constitution. (*See* Petition at 5–7.) (hereinafter "Pet.")

This Report and Recommendation is submitted to United States District Judge Thomas J. Whelan, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. The Court recommends that the Petition be denied and the case dismissed with prejudice for the reasons stated below.

## II. *STATE COURT PROCEEDINGS*

Johnson has an extensive criminal history, but only two of his prior convictions are relevant to this case. In 1975 and again in 1982, Johnson was convicted of a lewd act on a child in violation of California Penal Code § 288(a) and sentenced to prison. (Lodgment 9 at 0002–03.) After his release from custody, Johnson was convicted of petty theft with a prior conviction, a violation of California Penal Code §§ 484/666, was sentenced to five years in custody, and eventually released on parole. (*Id.* at 0002.) Johnson was rearrested on a parole violation on February 23, 1995. His parole was revoked, and a new release date of February 23, 1996 was set. (*Id.* at 0037–38; 0051.) On February 23, 1996, however, the Department of Corrections placed a hold on Johnson's release under the authority of California Penal Code § 2616(a)(7). (*Id.* at 0037; 0050.) A parole revocation hearing was scheduled for March 18, 1996. (*Id.* at 0038.) Johnson's parole was subsequently revoked after a finding that he was a danger to himself and others due to a mental disorder. (*Id.* at 0056–61.) He was referred for psychiatric treatment, and a new parole release date was set for February 22, 1997. (*Id.*)

On January 7, 1997, the San Diego County District Attorney filed a Petition for Involuntary Treatment of a Sexually Violent Predator. The SVP petition alleged that Johnson had been convicted of two sexually violent offenses (his 1975 and 1982 § 288(a) convictions) against two or more victims, and that he had a diagnosed

mental disorder which made it likely he would engage in sexually violent criminal behavior if released from custody. (*Id.* at 001–04.) Johnson filed a demurrer to the petition. The trial court sustained the demurrer and dismissed the petition on March 4, 1997. (*Id.* at 0037.) The District Attorney then appealed the trial court's dismissal to the California Court of Appeal for the Fourth District. The Fourth District ultimately reversed the trial court's dismissal of Johnson's SVP Petition in accordance with its previous decision in *People v. Hedge*, 56 Cal.App.4th 773, 65 Cal. Rptr.2d 693 (1997) (*Hedge I* ) (which found California's SVP Act constitutional). Johnson's SVP petition was therefore reinstated on March 19, 1998, and the case proceeded. (Lodgment 9 at 0037.)

While proceedings in Johnson's reinstated SVP petition were pending, the California Court of Appeal for the Fourth District decided *Terhune v. Superior Court (Whitley)*, 65 Cal.App.4th 864, 76 Cal.Rptr.2d 841 (1998) ("*Whitley I* "). *Whitley I* found that California Penal Code § 2617(a)(7) did not give the Board of Prison Terms the authority to hold a prisoner who had completed a determinate sentence beyond his release date solely because he has a mental disorder and is in need of psychiatric treatment. *Id.* at 880, 76 Cal.Rptr.2d 841. On October 28, 1998, Johnson filed a Motion to Dismiss his reinstated SVP Petition and a Petition for Writ of Habeas Corpus alleging that, among other things, the trial court lacked jurisdiction to proceed on the SVP Petition under *Whitley I* because Johnson was not in lawful custody at the time the original petition was filed. (Lodgment 9 at 0035–63.) The trial court denied the motion and set a trial date. (*Id.* at 0127; 0136.) Johnson filed a second motion to dismiss on April 8, 1999, as a motion in limine. The April 8 motion alleged that Johnson's 1982 prior conviction could not operate as a predicate of-fense for the SVP petition because it did not involve "substantial sexual conduct" with a child under the age of 14 as required by the SVP statute. (Cal. Welf. & Inst.Code § 6600(b).) Johnson argued that his 1982 conviction involved only touching, not masturbation, and thus the conviction did not constitute "substantial sexual conduct" under § 6600(b). (Lodgment 9 at 0064–0069.) Johnson raised no dispute as to the validity of his 1975 prior.

After lengthy consideration, the trial court also denied Johnson's second motion to dismiss. (*Id.* at 0138.) The trial court found sufficient evidence to show that Johnson's 1982 conviction involved "substantial sexual conduct" in that Johnson engaged in masturbation with the victim. Specifically, the court found that because Johnson had admitted "fondling" the victim to his probation officer, sufficient evidence existed to satisfy the statutory definition of masturbation. (*Id.* at 0115–18.) The court also found the legislative history of the SVP Act supported a liberal definition of "substantial sexual conduct" and "masturbation." (*Id.*)

Johnson waived his right to a jury trial, and testimony on the SVP petition commenced on April 13, 1999. (*Id.* at 0062; 0138–9.) The prosecution introduced evidence of Johnson's 1975 and 1982 convictions, including portions of the preliminary hearing transcript in the 1982 case. The 1974 conviction involved a guilty plea to one count of a twenty-five count indictment charging Johnson with twenty-five separate acts of anal and vaginal intercourse and oral copulation upon five children aged six, seven, eight, ten and eleven. (Lodgment 8 at 0041–49.) The 1982 conviction involved a guilty plea to one count of a three-count information charging Johnson with the molestation of a nine year-old girl and an eleven year-old boy, and three prior convictions. (Lodgment 8 at 0033–37.)

The prosecution also called as witnesses two clinical psychologists, Dr. L.C. Miccio–Fonseca and Dr. Mary Jane Alumbaugh. Although Dr. Miccio–Fonseca did not personally interview Johnson, she reviewed his probation reports and other documentation and diagnosed Johnson as suffering from a pedophilia disorder, antisocial personality disorder and polysubstance abuse. Dr. Miccio–Fonseca concluded that Johnson would likely commit violent sex offenses against children if released from prison. (Lodgment 10 at 94–95; 113.) Dr. Alumbaugh did interview Johnson, and diagnosed him with bipolar disorder, pedophilia and polysubstance abuse. (*Id.* at 168.) She was also of the opinion that it was more likely than not that Johnson would engage in sexually violent criminal behavior involving children if released from custody. (*Id.* at 179–80.)

Johnson called a clinical psychologist as a witness as well. (*Id.* at 231–32.) After reviewing documents related to Johnson's prior convictions, Dr. Ted Donaldson concluded that there was a lack of evidence supporting the second criteria of an SVP finding—that the inmate has a diagnosed mental disorder which predisposes the person to the commission of criminal sexual acts. Dr. Donaldson concluded that Johnson was aware he was committing sex offenses and did so because he wanted to, not because he lacked volitional control. (Lodgment 11 at 235–239.) Although he, like Dr. Alumbaugh, diagnosed Johnson with bipolar disorder, Dr. Donaldson did not believe Johnson was a pedophile or that his disorder made it likely that he would commit violent sex offenses if released from custody. (*Id.* at 245–46.)

On April 15, 1999, the trial court entered an order finding: (1) Johnson is a pedophile; (2) Johnson has a diagnosable mental disorder; (3) Johnson is a predator within the definition of the SVP statute; (4) Johnson is a danger to the health and safety of others; (5) Johnson is likely to engage in sexually violent criminal behavior; (6) all jurisdictional requirements of the statute have been met; and (7) Johnson is a sexually violent predator as that term is defined in Welfare and Institutions Code § 6600(a). (Lodgment 9 at 0115–18.) Johnson was committed to the Department of Mental Health for a period of two years. (*Id.* at 0122–24.)

Johnson appealed his commitment to the California Court of Appeal for the Fourth District, raising the same claims presented in the instant Petition. (Lodgment 9 at 0120–21.) On May 9, 2000, the California Appellate Court, in an unpublished opinion, affirmed the judgment of the trial court. (Lodgment 4.) On June 12, 2000, Johnson filed a Petition for Review of the appellate court's decision with the California Supreme Court in which he raised the same claims presented in the instant Petition. (Lodgment 2.) On July 19, 2000, the California Supreme Court denied the petition without citation of authority. (Lodgment 1.)

### III. FEDERAL COURT PROCEEDINGS

Johnson filed the instant Petition pursuant to 28 U.S.C. § 2254 ("Pet.") on September 28, 1999. On December 19, 2000, Respondent filed an Answer to the Petition ("Ans."), supported by a Memorandum of Points and Authorities and accompanied by a number of lodgments. On January 18, 2001, Johnson filed a Traverse ("Trav."). Because Johnson's claims are exhausted, the Court addresses the merits of Johnson's claims below. *See* 28 U.S.C.A. § 2254(b)(1)(A) (West Supp.2000).

### IV. SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in *violation of the Constitution or laws or treaties of the United States.*

28 U.S.C.A. § 2254(a) (West 1994) (emphasis added).

■ The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to this case.[1] As amended, 28 U.S.C. § 2254(d) now reads:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West Supp.2000). "[T]o obtain federal habeas relief, [Petitioner] must first demonstrate that his case satisfies the condition set by § 2254(d)(1)." *Williams · v. Taylor,* 529 U.S. 362, 403, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The Supreme Court interprets § 2254(d)(1) as follows:

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 529 U.S. at 412–13, 120 S.Ct. 1495. The Ninth Circuit has further defined the applicable terms:

"A state court's decision can be 'contrary to' federal law either 1) if it fails to apply the correct controlling authority or 2) if it applies the controlling authority to a case involving facts 'materially indistinguishable' from those in a controlling case, but nonetheless reaches a different result. [citation omitted] A state court's decision can involve an 'unreasonable application' of federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. [citation omitted]"

*Van Tran v. Lindsey,* 212 F.3d 1143, 1150 (9th Cir.), *cert denied,* —— U.S. ——, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000); *see also Baker v. Blaine,* 221 F.3d 1108, 1110–11 nn. 3–4 (9th Cir.2000) (the "unreasonable application" prong of § 2254(d)(1) applies where the state court properly identified the correct clearly established federal legal standard). Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying

---

1. AEDPA applies to habeas corpus petitions filed after 1996. *See Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The current petition was filed on September 29, 2000.

appellate court decision. *Ylst v. Nunne-maker*, 501 U.S. 797, 801–06, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). If the dispositive state court order does not identify clearly established United States Supreme Court law, however, federal habeas courts must "review independently the claims of the petition." *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir.2000) (citing *Delgado v. Lewis*, 181 F.3d 1087 (9th Cir.1999) ("*Delgado I*").). In *Delgado*, the court held that:

> [w]hen a state court does not furnish a basis for its reasoning, we have no basis other than the record for knowing whether the state court correctly identified the governing legal principle or was extending the principle into a new context. In Delgado I we concluded that "[a]bsent a reasoned explanation, federal courts are left simply to speculate about what 'clearly established law' the state court might have applied, as well as how it was applied." [citation omitted]. Thus, we accordingly concluded that in such circumstances, the state court decisions do "not warrant the deference we might usually apply" and that "the district court properly deduced that it was left with no alternative but to review independently the claims of the petition." [citation omitted].
>
> Williams, which was decided after Delgado I, does not address directly the analysis to be used when federal courts are presented with a state court decision that is unaccompanied by any ratio decidendi. However, although we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by Williams....
>
> Federal habeas review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court

clearly erred in its application of controlling federal law.

*Delgado*, 223 F.3d at 981–82. *Delgado* does not, however, explain which prong of § 2254(d)(1) ("contrary to" or "unreasonable application of" clearly established federal law) applies to such cases. Nevertheless, the Ninth Circuit has stated that "... the two concepts overlap and it will be necessary in some cases to test a petitioner's allegations against both standards." *Van Tran*, 212 F.3d at 1150. Thus, out of an abundance of caution, this Court will apply both prongs of § 2254(d)(1) to Petitioner's claims.

AEDPA also requires deference to state court findings of fact. Under § 2254(e)(1), federal courts must "give great deference to the state court's factual findings." *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir.1997) (en banc). As amended, § 2254(e)(1) provides: "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C.A. § 2254(e)(1) (West Supp.2000). The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* The Court may grant habeas relief if the state court's decision "was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C.A. § 2254(d)(2) (West Supp.2000). Because Petitioner does not challenge his commitment on factual grounds, however, this provision is not applicable to Petitioner's case. *See Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir.2000).

## V. DISCUSSION

The first issue which must be addressed is whether Johnson's claims are based solely on violations of state law as the Respondent claims. The second issue is whether, as Johnson claims, his commit-

ment is invalid under the Due Process Clause because there was insufficient evidence to support one of the predicate offenses for the SVP petition. The final question is whether the state court's assertion of jurisdiction over the SVP petition also violates the Due Process Clause.[2] The Court finds that no violation of Johnson's due process rights occurred and that Johnson was validly committed under the SVP statute. The Court will address each issue in the order presented.

### A. Respondent Is Not Entitled to Dismissal of the Petition Based on a Failure to State a Claim Cognizable on Federal Habeas Review

■ Habeas relief is not available for an alleged error in the interpretation or application of state law. *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Id.* at 68, 112 S.Ct. 475. Respondent contends that Johnson has failed to present a federal question in his Petition because the California Appellate Court's rejection of Johnson's claims was based on settled state law which is not subject to federal review. (Ans. at 8–10.) To the extent Johnson bases his habeas claims in this Court upon any state court error in the interpretation or application of state law, the Court finds he is not entitled to relief. The Court, however, as discussed below, finds that Johnson's claims that he was deprived of his Fourteenth Amendment due process rights are cognizable on federal habeas review. Therefore, the Court recommends rejecting Respondent's

contention that the Petition should be dismissed for failure to present a cognizable federal claim.

### B. Sufficiency of Evidence of Substantial Sexual Conduct

Johnson first claims that he was committed in violation of the Due Process Clause of the Fourteenth Amendment because the evidence was insufficient to prove that he had committed the requisite sexually violent offenses. Johnson's commitment was premised on a finding that his 1982 California Penal Code § 288(a) conviction constituted the "substantial sexual conduct" required to support a commitment under the SVP Act because it involved masturbation. *See* Cal. Welf. & Inst.Code § 6600.1(a) and (b). Johnson claims, however, that because the mere touching of genitals is not sufficient to establish masturbation under § 6600.1 of the SVP Act, his 1982 conviction cannot serve as a predicate offense for his SVP commitment. (*See* Pet. at p. 5 and attached p. 2.)

Under the SVP Act, a "sexually violent predator" is defined as "a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst.Code § 6600(a)(1) (West Supp.2000). A "sexually violent offense" is defined by the SVP Act to include certain enumerated sex crimes, including a violation of California Penal Code § 288(a), "committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person." *Id.* § 6600(b). Section 6600.1 further defines a "sexually violent offense" as

---

**2.** Although Johnson alleges three claims in his Petition, his second and third claims can be consolidated under the question of whether

the trial court's assertion of jurisdiction violated the Due Process Clause of the Fourteenth Amendment.

follows: "[i]f the victim of an underlying offense that is specified in subdivision (b) of Section 6600 is a child under the age of 14 and the offending act or acts involved substantial sexual conduct, the offense shall constitute a sexually violent offense for purposes of Section 6600." *Id.* § 6600.1(a). Subsection (b) defines "substantial sexual conduct" as including "masturbation of either the victim or the offender." *Id.* § 6600.1(b).

The California Supreme Court denied Johnson's Petition for Review without reasoning or citation of authority. (Lodgment 1.) Thus, there is no reasoned decision from the California Supreme Court to which this Court can look. Therefore, the Court "looks through" to the underlying appellate court decision. *Ylst,* 501 U.S. at 801–06, 111 S.Ct. 2590. The California appellate court's May 9, 2000, opinion (Lodgement 4) is thus the reasoned opinion this Court looks to when conducting its review pursuant to 28 U.S.C. § 2254(d)(1). Because the appellate court did not address Petitioner's due process claims, this Court must determine whether the state court's decision was "contrary to or an unreasonable application of federal law" by evaluating whether the state court's decision was "objectively reasonable" through an independent review of the record. *Delgado,* 223 F.3d at 982.

The state appellate court found, citing *People v. Chambless,* 74 Cal.App.4th 773, 88 Cal.Rptr.2d 444 (1999), *review denied* (Dec. 15, 1999), that the mere touching of a victim's genitals is sufficient to establish masturbation, a "sexually violent offense" under West's Ann.Cal.Welf. & Inst.Code § 6600.1(b). (Lodgment 4.) In *Chambless,* the same court which rejected Johnson's claims recognized there was no case law addressing the extent of touching required to meet § 6600.1(b)'s definition of "substantial sexual contact" by means of mas-

turbation of either the victim or the offender. *Chambless,* 74 Cal.App.4th at 782, 88 Cal.Rptr.2d 444. Based on well-established rules of statutory construction, however, *Chambless* found that the California legislature intended the definition of masturbation to have the "commonly understood meaning to describe the touching of one's own or another's private parts without quantitative requirement for purpose of defining conduct that was lewd or sexually motivated." *Id.* at 783–84, 88 Cal. Rptr.2d 444. Thus, *Chambless* found that "any contact, however slight of the sexual organ of the victim or offender would be sufficient to qualify as masturbation and in turn as substantial sexual conduct under the act." *Id.* at 787, 88 Cal.Rptr.2d 444. Using this authority, the appellate court in Johnson's case stated:

Johnson contends his 1982 conviction does not qualify as a sexually violent offense or one which involved substantial sexual contact with a child under the age of 14. Again, Johnson candidly acknowledges the law is against him on this issue. Once again he contends the cases were wrongly decided. Likewise, we will again reject such contention.

Sexually violent offense are defined in two sections, section 6600, subdivision (b) and section 6600.1, subdivision (a).

Section 6600, subdivision (b) defines a sexually violent offense as certain enumerated felonies, "when committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person ..."

Section 6600.1 provides in part that, "If the victim of an underlying offense that is specified in subdivision (b) of Section 6600 is a child under the age of fourteen and the offending act or acts involved substantial sexual conduct, the offense shall constitute a 'sexually vio-

lent offense' for purposes of Section 6600."

Section 6600.1, subdivision (b) defines "substantial sexual conduct" as, "penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or masturbation of either the victim or the offender."

A qualifying sexually violent prior offense can be either of the above sections. (*People v. Superior Court (Johannes)* (1999) 70 Cal.App.4th 558, 566–568, 82 Cal.Rptr.2d 852.) In this case we are satisfied the 1982 conviction qualifies because it involved substantial sexual conduct with a child under the age of fourteen.

The question in this case is whether the conduct of touching the penis of a child constitutes "masturbation" as that term is used in section 6600.1, subdivision (b). We extensively discussed the issue of what constitutes masturbation within the meaning of section 6600.1, subdivision (b), in *People v. Chambless* (1999) 74 Cal.App.4th 773, 88 Cal. Rptr.2d 444. In that case we rejected a claim identical to the one raised here. As previously noted Johnson acknowledges that *Chambless* in controlling. He simply argues it was wrongly decided.

We have again reviewed our opinion in *Chambless*. The Supreme Court denied review in *Chambless*, supra, 74 Cal. App.4th 773, 88 Cal.Rptr.2d 444 (review den. Dec. 15, 1999), and we remain convinced it was correctly decided. Accordingly, we find sufficient evidence in this record to establish the 1982 prior offense as a qualifying prior under the SVP Act.

(Lodgment 4 at 4–6.)

Under *Williams*, this Court must first determine what the clearly established fed-

eral law is regarding sufficiency of the evidence claims. *See Williams*, 529 U.S. at 407, 120 S.Ct. 1495. Because California's SVP Act, although civil in nature, requires that the prosecution prove the elements of an SVP commitment beyond a reasonable doubt, *Hubbart v. People*, 19 Cal.4th 1138, 1147, 81 Cal.Rptr.2d 492, 969 P.2d 584 (1999), *petition for cert. filed* —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d —— (1999), commitments under the SVP act should be reviewed under the same standard as a criminal conviction for a sufficiency of the evidence claim. *See People v. Mercer*, 70 Cal.App.4th 463, 465–66, 82 Cal.Rptr.2d 723 (which held the standard of review for sufficiency of the evidence claims in SVP commitments is the same as that for criminal convictions.)

■ The "clearly established Federal law" regarding sufficiency of the evidence claims is set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Mitchell v. Prunty*, 107 F.3d 1337, 1340 n. 3 (9th Cir.1997), *overruled on other grounds by Santamaria v. Horsley*, 133 F.3d 1242, 1248 (9th Cir.1998) (en banc). In *Jackson*, the Court held that the Fourteenth Amendment's Due Process Clause is violated, and an applicant is entitled to habeas corpus relief, "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 324, 99 S.Ct. 2781. Federal habeas courts must analyze *Jackson* claims "with explicit reference to the substantive elements of the criminal offense as defined by *state law.*" *Id.* at 324 n. 16, 99 S.Ct. 2781 (emphasis added). In fact, federal courts are bound by a state court's construction of its own penal statutes, and must defer to that interpretation unless it is "untenable or amounts to a subterfuge to avoid federal review of a constitutional viola-

tion." *Aponte v. Gomez,* 993 F.2d 705, 707 (9th Cir.1993). In analyzing Johnson's sufficiency of the evidence claim, the Court must engage in a thorough review of the state court record. *See Jones v. Wood,* 114 F.3d 1002, 1013 (9th Cir.1997). "Without such a review of the record, it is impossible to determine whether the state court adjudication rested on an unreasonable application" of clearly established federal law or an "unreasonable determination" of fact. *Id.*

This Court's first task is to determine whether the state court's definition of masturbation is untenable or amounts to a subterfuge to avoid federal review. *See Aponte,* 993 F.2d at 707. In its opinion, the California Court of Appeal based its rejection of Johnson's appeal on its prior decision in *Chambless. Chambless* engaged in a review of the legislative history of the SVP Act and concluded that a definition of masturbation which would include mere touching of the victim's genitals was consistent with that history:

> The analysis of the Senate Committee on Criminal Procedure regarding Senate Bill No. 2161, 1995–1996 Regular Session, which added section 6600.1, stated the key issue was Should the Definition of 'Sexually Violent Predator' Be Expanded to Include Specified Nonviolent Sexual Offenses on a Victim Under the Age of 14? (Sen. Com. on Crim. Proc., Analysis of Sen. Bill No. 2161 (1995–1996 Reg.Sess.), p. 2.) We presume the Legislature in affirmatively answering this question and amending section 6600.1 to include the specific nonviolent act of masturbation in subdivision (b) as substantial sexual conduct was aware of the general use of that term to describe any act of genital touching. Because the

Legislature was also aware of the "the [sic] longstanding rule that [Penal Code] section 288 is violated by 'any touching' of an underage child accomplished with the intent of arousing the sexual desires of either the perpetrator or the child" [citations], its inclusion of such offenses as predicate crimes under the Act while at the same time requiring they satisfy the definition of substantial sexual conduct evidences its intent to define conduct that goes beyond the mere touching of any part of the body of an underage child required for a conviction under Penal Code section 288, subdivision (a). We thus believe the sexual conduct described by the term "masturbation" in subdivision (b) of section 6600.1 refers to the specific type of touching required, that of the genitals of either the victim or the offender.

*Chambless,* 74 Cal.App.4th at 785–86, 88 Cal.Rptr.2d 444

Pursuant to well established rules of statutory construction, the *Chambless* court also considered the court's interpretation of other parts of the Act and how the Act should be interpreted as a whole:

> Because the legislature took the definition of substantial sexual conduct for the Act (§ 6600.1(b)) directly from Penal Code section 1203.066, subdivision (b) (see Sen. Com. on Crim. Proc., Analysis of Sen. Bill No. 2161, (1995–1996) Reg. Sess., p. 3), we presume it intended to use the terms in a like manner. [citations]. Thus the type or extent of oral copulation sufficient to show substantial sexual conduct under section 6600.1, subdivision (b) would necessarily be the same as that construed by the court in *Grim.*[3]

---

**3.** *Grim* held that a jury instruction which defined oral copulation as "any contact, however slight, between the mouth of one person

and the sexual organ of another person constitutes 'oral copulation' " was proper. *Peo-*

Similarly, because section 6600.1, subdivision (b) provides that masturbation as well as oral copulation can mean substantial sexual conduct, by parity of reasoning we believe the Legislature intended the extent of touching of the genitals required to meet the definition of masturbation would also be the same as in *Grim.* Hence, any contact, however slight of the sexual organ of the victim or the offender would be sufficient to qualify as masturbation and in turn substantial sexual conduct under the Act.

*Id.* at 786–87, 88 Cal.Rptr.2d 444

The appellate court opinion which denied Johnson's appeal was explicitly based on *Chambless.* (Lodgment 4 at 4–6.) Thus, this Court must evaluate *Chambless'* reasoning under § 2254(d)(1) in light of Johnson's contentions. First, *Chambless'* definition of "masturbation" is not untenable but is rather based upon well founded rules of statutory construction. *See Aponte,* 993 F.2d at 707. In defining "masturbation," the court in *Chambless* looked at the purpose behind the statute as expressed by the legislature. The court also looked at the statutory scheme as a whole and to how similar portions of the California Penal Code referenced in the SVP Act had been interpreted by courts. Based on that evaluation, *Chambless* arrived at its definition of masturbation. Further, although the opinion rests solely on California state law, nothing in the opinion indicates an attempt to avoid federal review of a constitutional question. *Aponte,* 993 F.2d at 707. Thus, under *Jackson* and *Aponte,* this court is bound by the state court's definition of masturbation.

■ This determination does not end the Court's inquiry. Because the state appellate court did not address Johnson's

due process claims with regard to the sufficiency of the evidence supporting his commitment, this Court must "review independently the claims of the petition." *See Delgado,* 223 F.3d at 981–982 (citing *Delgado I.*) Even after an independent review of Johnson's claims, however, it is clear that given the state court's definition of masturbation, a rational trier of fact could find, as the trial court did, that the elements of the SVP Petition in Johnson's case had been proven beyond a reasonable doubt. *See Delgado,* 223 F.3d at 982; *Jackson,* 443 U.S. at 324, 99 S.Ct. 2781. At the trial on the SVP Petition, the prosecution introduced the preliminary hearing transcript from Johnson's 1982 conviction into evidence. At that hearing, one victim, the boy, testified that Johnson placed his hand inside the boy's pants and touched the boy's penis on two separate occasions. (Lodgment No. 8 at 0002–0020.) The boy also testified that Johnson had asked him to touch Johnson's penis, that Johnson had touched the penis of a friend of the boy on one occasion, and that Johnson put his hand down the boy's sister's pants on one occasion. (*Id.*) Given *Jackson*'s standard, the appellate court's rejection of Johnson's claim was therefore not "contrary to" nor an "unreasonable application of" clearly established federal law, nor was it "objectively unreasonable." *See Williams,* 529 U.S. at 412–13, 120 S.Ct. 1495 ; *Delgado,* 223 F.3d at 981–82. Accordingly, Johnson's first claim fails.

## C. Jurisdiction Over the Petition

Johnson's second contention concerns the trial court's jurisdiction over him. Johnson alleges that he was committed in violation of the Due Process Clause of the Fourteenth Amendment because he was not in "lawful custody" at the time the SVP petition was filed. Johnson claims

*ple v. Grim.* 9 Cal.App.4th 1240, 11 Cal.     Rptr.2d 884 (1992).

that "lawful custody" is a jurisdictional prerequisite for a valid SVP petition. (Pet. at 6–7.)

The "clearly established federal law" with regard to Sexually Violent Predator statutes is *Kansas v. Hendricks*, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). In *Hendricks*, the Supreme Court found that Kansas' SVP civil commitment scheme, which was very similar to California's, *see Hubbart v. Superior Court*, 19 Cal.4th 1138, 1157, 81 Cal.Rptr.2d 492, 969 P.2d 584 (1999), *pet. for cert. filed* —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d —— (1999) did not violate due process. *Hendricks*, 521 U.S. at 360, 117 S.Ct. 2072. *Hendricks* specifically found that the definition of mental abnormality satisfied substantive due process protections and that the act provided "proper procedures and evidentiary standards" sufficient to satisfy due process.[4] Neither *Hendricks* nor the California Supreme Court, however, has addressed the precise question before this Court: the constitutional parameters of the SVP Act's jurisdiction. Thus, this Court must look to general Supreme Court doctrine on due process to make its determination. *See Williams*, 529 U.S. at 381–83, 120 S.Ct. 1495, citing *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

Due process rights under the Fourteenth Amendment to the United States Constitution fall into one of two categories: substantive due process and procedural due process. Substantive due process "forbids the government from infringing on certain fundamental rights at all ... unless narrowly tailored to serve a compelling government interest."

*Reno v. Flores*, 507 U.S. 292, 302, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). The Supreme Court has established that civil commitment constitutes a deprivation of liberty which requires due process protections. *Addington v. Texas*, 441 U.S. 418, 425, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979). Nevertheless, the Court has found that an individual's liberty interest "is not absolute," and "may be overridden even in the civil context." *Hendricks*, 521 U.S. at 356, 117 S.Ct. 2072. Procedural due process requires that "government action depriving a person of life, liberty or property ... be implemented in a fair manner." *United States v. Salerno*, 481 U.S. 739, 746, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Under AEDPA, Petitioner must show that the appellate court's decision is contrary to or an unreasonable application of these principles in order to obtain relief. See, *Williams*, 529 U.S. at 412–13, 120 S.Ct. 1495. Thus, to prevail, Petitioner must show that the appellate court's interpretation of California's SVP Act is not sufficiently narrowly tailored to achieve a compelling government interest or that Petitioner's commitment was not accomplished in a fair manner. *See Flores*, 507 U.S. at 302, 113 S.Ct. 1439; *Salerno*, 481 U.S. at 746, 107 S.Ct. 2095.

The California Appellate Court did not specifically address Petitioner's jurisdictional claim under a federal due process analysis. Under *Delgado*, then, this Court must "independently review the claims of the petition" to determine whether the ap-

---

4. *Hendricks* also found Kansas' SVP statute to be civil, not criminal, in nature, and thus neither ex post facto nor double jeopardy protections applied. *Hendricks*, 521 U.S. at 369, 117 S.Ct. 2072. California's Supreme Court has similarly found California's SVP Act to be civil, not criminal in nature. *Hubbart*, 19 Cal.4th at 1177–79, 81 Cal.Rptr.2d 492, 969 P.2d 584. Those issues have not been raised by Petitioner, and thus this court does not address them.

pellate court's interpretation of the custody requirement of the California SVP statute is "contrary to" or "an unreasonable application of" applicable federal law. *Delgado*, 223 F.3d at 982 (citing *Delgado I*.) The appellate court cited *People v. Hedge*, 72 Cal.App.4th 1466, 86 Cal. Rptr.2d 52 (1999) ("*Hedge II* "), *People v. Superior Court (Whitley II)*, 68 Cal. App.4th 1383, 81 Cal.Rptr.2d 189 (1999) (*reh'g denied* (February 3, 1999), *review denied* (March 17, 1999)), and *Garcetti v. Superior Court (Lyles)*, 68 Cal.App.4th 1105, 80 Cal.Rptr.2d 724 (1998) (*review denied* (March 17, 1999)), as the basis for its determination that Petitioner was not entitled to relief. (Lodgment 4 at 4.) Thus, this Court must examine the reasoning of those cases to determine whether the appellate court's decision was contrary to or an unreasonable application of applicable federal law. *See Delgado*, 223 F.3d at 982.

In *Hedge II*, the court began its analysis by looking to the plain wording of the California SVP statute. *Hedge II* reasoned that the plain wording of the statute does not require "lawful custody," but rather only "custody." *Hedge II*, 72 Cal. App.4th at 1478, 86 Cal.Rptr.2d 52. California Welfare and Institutions Code § 6601(a)(1), in pertinent part, reads as follows:

> As the courts in Garcetti [Lyles] and Whitley determined, the unambiguous language of the Act contains no requirement a defendant's custody by "lawful" at the time such petition is filed, only that the person alleged to be an SVP be in "custody under the jurisdiction of the [DOC]. [citations]. No jurisdictional error is shown."

*Hedge II*, 72 Cal.App.4th at 1479–80, 86 Cal.Rptr.2d 52.

Further, *Lyles* found, after reviewing both California decisional law and legislative history related to the SVP Act, that reading a "lawful custody" requirement into the statute would defeat the purpose behind the legislation. *Lyles*, 68 Cal. App.4th at 1118, 80 Cal.Rptr.2d 724. *Whitley II* also considered the legislative history of the Act in determining whether "lawful custody" was a prerequisite for a valid SVP petition:

> [T]he record in the present case does not indicate negligent or intentional wrongdoing by the Department of Corrections in revoking Whitley's parole for psychiatric conditions based on section 2617(7). The department's error in revoking his parole on that basis resulted from its mistake of law concerning the scope of its broad statutory authority to establish and enforce regulations governing parole. Until we decided *Terhune*, there was no controlling judicial decision directly on point; the only reported case touching on the regulation, [citation]. Given these factors and in light of the serious public safety purpose underlying the Act, we conclude that despite the department's legal error, the trial court had jurisdiction or power to consider the People's latest petition for Whitley's commitment.

*Whitley II*, 68 Cal.App.4th at 1390, 81 Cal.Rptr.2d 189.

■ Upon independent review of Johnson's due process claim, it is clear the appellate court's reasoning is neither "contrary to" nor was "an unreasonable application of" Supreme Court precedent with respect to substantive due process protections. *See Delgado*, 223 F.3d 976. Federal jurisprudence addressing due process protections supplies ample basis for a finding that the California Court of Appeal's

interpretation of § 6601 was narrowly tailored to serve a compelling government interest. *See, Hendricks,* 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501. First, under *Hendricks,* California clearly has a valid compelling interest in protecting its citizens from sexually violent predators and in identifying these individuals prior to their release from custody so that they may be subjected to civil commitment proceedings. *See id.* at 357–60, 117 S.Ct. 2072. Second, the state court's interpretation of the statute as requiring only "custody" and not "lawful custody" is narrowly tailored to achieve that interest. *See id.* It applies the statute only to those individuals who are currently incarcerated and does not broaden its scope to individuals who have been released from custody. Third, the appellate court's interpretation furthers this compelling state interest, in contrast to Petitioner's requested interpretation. As the court in *Lyles* noted, " . . . the twin purposes of public protection and ensuring treatment of the dangerously mentally ill would not be advanced by treating the 'unlawful' revocation of parole as a jurisdictional barrier to a petition for commitment under the SVP Act." *Lyles,* 68 Cal.App.4th at 1118, 80 Cal.Rptr.2d 724. Lastly, the appellate court's interpretation only protects jurisdiction over an inmate when an error in keeping the inmate incarcerated was due to a mistake of law. Custody for purposes of the SVP Act, therefore, would not exist under California law if the state had acted negligently or intentionally to keep the inmate incarcerated in order to retain jurisdiction in an SVP case. *See Whitley II,* 68 Cal.App.4th at 1390, 81 Cal.Rptr.2d 189.

The appellate court's decision with respect to Johnson's substantive due process rights was not "objectively unreasonable," nor was it "contrary to or an unreasonable application of federal law." *See Williams,* 529 U.S. at 412–13, 120 S.Ct. 1495; *Delgado,* 223 F.3d at 982. This Court therefore declines to find that Petitioner's substantive due process rights were violated.

■ The appellate court's decision was also neither "contrary to" nor "an unreasonable application of" federal law with respect to Petitioner's procedural due process rights. *Hendricks* found that Kansas' statutory scheme provided sufficient due process protections for a person subject to civil commitment, in part because "proper procedur[al] and evidentiary standards" were present. *Hendricks,* 521 U.S. at 356–57, 360, 117 S.Ct. 2072. Again, the California Supreme Court has found that California's SVP Act is nearly identical to the statute upheld in *Hendricks,* and Petitioner has provided this Court with no basis for disturbing that decision. *See Hubbart,* 19 Cal.4th 1138, 1157, 81 Cal. Rptr.2d 492, 969 P.2d 584. Thus, California's SVP Act similarly provides sufficient procedural due process protections. *See* Cal. Welf. & Inst.Code § 6600 *et seq.* Johnson had an opportunity to challenge every aspect of his commitment under the "proper procedures and evidentiary standards" contained in the California SVP Act as required by *Hendricks. Hendricks,* 521 U.S. at 357, 117 S.Ct. 2072. Based on the foregoing, the appellate court's decision denying Johnson's appeal was not contrary to nor an unreasonable application of federal law. *See Williams,* 529 U.S. at 412–13, 120 S.Ct. 1495. This Court therefore declines to find that Petitioner's procedural due process rights were violated as well.

## VI. *CONCLUSION AND RECOMMENDATION*

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the

Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered denying the Petition and dismissing this action.

**IT IS ORDERED** that no later than *April 4, 2001,* any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than *April 18, 2001.* The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir.1998); *Martinez v. Ylst,* 951 F.2d 1153, 1156 (9th Cir.1991).

February 21, 2001.