Leo John SISCO, Petitioner—
Appellant,

v.

J.W. HUSKEY, Respondent—Appellee.

No. 02–15947.

D.C. No. CV–99–05742–REC/HGB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2003.

Decided Aug. 5, 2003.

Before T.G. NELSON and HAWKINS, Circuit Judges, and ZILLY,* District Judge.

* The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

## MEMORANDUM**

Leo John Sisco appeals the denial of his habeas corpus petition. He claims that his counsel was ineffective in failing to adequately cross-examine the prosecution's expert and that the jury instructions violated his due process rights by improperly shifting the burden of proof and by "unreasonably enlarging" California's implied malice statute.

 The cross-examination of the prosecution's blood stain expert by Sisco's counsel was within the "wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel's failure to press the expert on the alleged inconsistency in his testimony was likely a tactical decision, given that the defense later presented its own expert witness to address that very point. Because "counsel's tactical decisions at trial, such as refraining from cross-examining a particular witness or from asking a particular line of questions, are given great deference and must ... meet only objectively reasonable standards," *Dows v. Wood,* 211 F.3d 480, 487 (9th Cir.2000), the district court did not err in concluding that Sisco's counsel met the standard for effective assistance. Further, because the defense expert testified to the same matters Sisco claims his counsel failed to bring out in cross-examining the prosecution's expert, Sisco cannot show prejudice from his counsel's conduct. *See Strickland,* 466 U.S. at 694.

Sisco also alleges that his due process rights were violated by errors in the jury instructions given: (1) that the instructions improperly required him to explain or deny the evidence against him; (2) that

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the instruction requiring the jury to unanimously find him not guilty of the greater offense if it returned a guilty verdict on any lesser charge (the "acquit first" instruction) improperly shifted the burden of proof; and (3) that the definition of implied malice contained in the instructions was an improper enlargement of the statutory definition.

First, when taken as a whole, CALJIC No. 2.62 clearly preserved the government's responsibility to prove the elements of their case, and did not require Sisco to explain the evidence against him. While the instruction did call the jury's attention to his testimony, it did so merely to point out that the jury "may" take the defendant's failure to explain facts within his knowledge into consideration. This is fully consistent with established federal law, which provides that a testifying defendant "may not stop short in his testimony by omitting and failing to explain incriminating circumstances and events already in evidence, in which he participated and concerning which he is fully informed, without subjecting his silence to the inferences to be naturally drawn from it." *Caminetti v. United States,* 242 U.S. 470, 494, 37 S.Ct. 192, 61 L.Ed. 442 (1917).

Second, it cannot be said that the "acquit first" instruction "so infected the trial that the resulting conviction violates due process." *Estelle v. Mcguire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). It was not error to instruct the jury that it must unanimously acquit on a greater charge before considering a lesser charge. *United States v. Jackson,* 726 F.2d 1466, 1469–70 (9th Cir.1984). Taking the instructions as a whole and reading them in context, Sisco's due process rights were not violated. *See Francis v. Franklin,* 471 U.S. 307, 318–19, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).

Finally, the implied malice instruction given by the trial court was identical in all material respects to the instructional language that has been repeatedly endorsed by the California Supreme Court for over 35 years. *See People v. Nieto Benitez,* 4 Cal.4th 91, 103–04, 13 Cal.Rptr.2d 864, 840 P.2d 969 (1992); *People v. Dellinger,* 49 Cal.3d 1212, 1217–22, 264 Cal.Rptr. 841, 783 P.2d 200 (1989); *People v. Phillips,* 64 Cal.2d 574, 587, 51 Cal.Rptr. 225, 414 P.2d 353 (1966). Because we are "bound by the state's construction of its own penal statutes," *Aponte v. Gomez,* 993 F.2d 705, 707 (9th Cir.1993), Sisco has failed to show that California's consistent interpretation of its implied malice statute violates clearly established federal law.

AFFIRMED.